WARREN E. DEARDEN *vs.* JOHN A. HEY.

Essex.   December 5, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Res Judicata.*

A judgment for the plaintiff in an action for damage to property caused by negligence of the defendant resulting in an automobile collision barred as *res judicata* a later action by the plaintiff against the same defendant for personal injuries sustained in the same collision; the plaintiff had only one cause of action.

TORT. Writ in the District Court of Lawrence dated July 7, 1938.

There was a finding for the defendant by *Peirce,* J.

*H. Lord,* for the plaintiff.

*J. J. Finn & J. C. Sullivan,* for the defendant, submitted a brief.

COX, J. The plaintiff brought this action of tort in the District Court to recover for his personal injuries, alleged to have been caused by the negligence of the defendant resulting in an automobile collision on July 10, 1937. The defendant's answer, by amendment, contains a plea of *res judicata.* It was agreed that the negligence of the defend-

ant had been established in a prior suit between the same parties for property damage resulting from the same automobile collision, and that execution "issuing therefrom had been satisfied in full." The trial judge found for the defendant. The plaintiff's appeal is from the order of the Appellate Division for the Northern District, dismissing the report of the trial judge who declined to make certain rulings requested by the plaintiff that properly raised the only issue presented before this court, namely "Has the plaintiff two separate and distinct causes of action, a judgment in one of which will not bar recovery in an action for the other?" The plaintiff concedes that this is the only issue.

"It is an established principle of law, that judgment in a civil suit upon a certain alleged cause of action is conclusive upon the parties in relation to it, and that another suit for the same cause cannot be maintained for any purpose whatever. No man is liable to be twice charged, or to be a second time proceeded against in a civil action, for the same unlawful act, if the first has been pursued to final judgment." *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331, 332. See *Bonifazi* v. *Breschi,* 296 Mass. 544, 547–548. As early as 1814, in the case of *Barnes* v. *Hurd,* 11 Mass. 57, it was said that an action of trespass would lie where the defendant so negligently managed his horse and chaise as to collide with the horse and chaise in which the plaintiff was travelling, with the result that the plaintiff was injured and his chaise broken; and it was decided in that case that, if these same injuries were caused by the negligence of the defendant's servant instead of by the defendant himself, the action would be trespass on the case. The damages to person and property were alleged in a single count. See *Campbell* v. *Phelps,* 17 Mass. 244, 246; *Taft* v. *Metcalf,* 11 Pick. 456; compare *Savignac* v. *Roome,* 6 T. R. 125 (101 Eng. Rep. Reprint 470). In the *Barnes* case there is no suggestion that the cause of action to recover for damage to the person is different from that to recover for damage to property. In *Johnson* v. *Holyoke,* 105 Mass. 80, the plaintiff was allowed to recover both for

the injury to his person, and for the damages that were the immediate consequences of the injury to the horse and carriage he was driving; and in *Antokol* v. *Barber,* 248 Mass. 393, at page 397, the court said: "An examination of the original papers in that case [*Johnson* case] shows that in the declaration the only allegation was of damage to the 'person and property' of the plaintiff."

By St. 1851, c. 233, § 1, it was enacted that there shall be only three divisions of personal actions: (1) actions of contract, which shall include those known as actions of assumpsit, covenant, and debt, except actions for penalties; (2) actions of tort, which shall include those "now" known as trespass, trespass on the case, trover, and all actions for penalties; and (3) actions of replevin. There has been no material change in this enactment which is now found in G. L. (Ter. Ed.) c. 231, § 1. In *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107, it was said that the action of debt is abolished in this Commonwealth, citing R. L. c. 173, § 1, First, the predecessor of G. L. (Ter. Ed.) c. 231, § 1, First. It follows that the actions of trespass and trespass on the case are also abolished and that we need no longer concern ourselves with technicalities that well may have been in the mind of Holmes, J. when he said in *Braithwaite* v. *Hall,* 168 Mass. 38, at page 39: "Nowadays we do not require pleadings to be guarded against all the possible distortions of perverse ingenuity." From the early cases already cited, we think it clear that in this Commonwealth it was never the rule that there was any distinction as to the cause of action where, by a single negligent act, damages resulted to one's person and also to his property.

It is a general rule that all damages resulting from a specified cause of action must be assessed in one proceeding, and this rule applies to actions of tort. A single cause of action cannot be split and made the basis of several proceedings. *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282, 285, 286, and cases cited. *Canning* v. *Shippee,* 246 Mass. 338, 339, 340. *Bonifazi* v. *Breschi,* 296 Mass. 544, 548. In *Doran* v. *Cohen,* 147 Mass. 342, it was said, at page 344: "The plaintiff could not legally

maintain more than one action for the same tortious act. He could not divide the tort, and have one action for the injury to his property and another for the injury to his person." The earlier cases of *Bennett* v. *Hood,* 1 Allen, 47, and *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331, are cited as authority. See *Eastman* v. *Cooper,* 15 Pick. 276. Since the *Doran* case, this court has repeatedly re-affirmed its decision. In *Bliss* v. *New York Central & Hudson River Railroad,* 160 Mass. 447, it was said at page 455: "It is true, under our decisions, that the injury to the plaintiff's person and to his clothing furnished but one cause of action, and that a recovery of judgment by him for the injury to his clothing would have barred a subsequent action for his personal injury" (see cases cited); and it was also said that "In this respect the law as established here differs from that of England, upon which the plaintiff relied in argument," and the case of *Brunsden* v. *Humphrey,* 14 Q. B. D. 141, is cited. The plaintiff in the case at bar relies upon the *Brunsden* case and others. In *Braithwaite* v. *Hall,* 168 Mass. 38, where the declaration alleged that the plaintiff, while riding his bicycle, was run over by the defendant's horse and carriage negligently driven by a servant of the defendant while acting within the scope of his employment, "Whereby the plaintiff was severely injured, made sick, put to great expense and loss of time, and whereby his bicycle was demolished," a demurrer to the declaration, stating as one of its grounds that the declaration joined in one count two separate and distinct grounds of action, was overruled, and the court said at page 39: "The single collision which caused the damage to the plaintiff's person and to his bicycle was one cause of action." It seems to be well settled in this Commonwealth that the plaintiff in the case at bar had but one cause of action.

It is true, as was pointed out in the *Bliss* case, that the law is different in England, and there are cases in this country that follow the English rule laid down in *Brunsden* v. *Humphrey,* 14 Q. B. D. 141. See *Reilly* v. *Sicilian Asphalt Paving Co.* 170 N. Y. 40; *Boyd* v. *Atlantic Coast Line Railroad,* 218 Fed. 653; *Ochs* v. *Public Service Railway,* 52

Vroom, 661; *Clancey* v. *McBride*, 338 Ill. 35. The plaintiff contends that the rule in this Commonwealth should be changed, pointing out, as was suggested by analogy in some of the cases just cited, that our statute of limitations, differing as it does as to the time within which an action for personal injuries and one for property damage, both resulting from negligence, may be brought (see G. L. [Ter. Ed.] c. 260, §§ 2 and 4, as amended by St. 1937, c. 385, § 9), shows a legislative intent to distinguish the rights of a plaintiff such as in the case at bar, and to regard them as based upon two separate causes of action. We do not think this conclusion follows. The cause of action is still the tortious act from which both the personal injury and the property damage result. The cause of action was recognized at common law and is not a creature of statute. The limitation within which the action may be brought is a mere restriction upon the remedy. It is not a limitation upon the right itself. *McLearn* v. *Hill*, 276 Mass. 519, 522.

The plaintiff also contends that the fact that he may assign his cause of action for damage to property (*Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556, 566) although he cannot assign his cause of action, not reduced to a judgment, for personal injury (*White Sewing Machine Co.* v. *Morrison,* 232 Mass. 387, 388), is another reason why it should be held that he has two causes of action. But our rule of law as to assignments of this character is nothing new, and the reason for it is not found in any consideration of the cause of action itself. See *Rice* v. *Stone,* 1 Allen, 566, 569, 570.

We think that the weight of authority supports the view taken by this court that damages resulting from a single tort, even though such damages be partly property damages and partly personal injury damages, are, when suffered by one person, the subject of only one suit as against the wrongdoer. This rule is based largely upon the proposition that the defendant's wrongful act is single, that the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong. The contrary rule is based in the main

upon the proposition that the negligent act of the defendant, in itself, constitutes no cause of action and becomes an actionable wrong only out of the damage that it causes. Although it may not be altogether a question of cause or effect, nevertheless it can be said that our rule places the emphasis upon cause. In the case of *Brunsden* v. *Humphrey*, 14 Q. B. D. 141, establishing the English rule, Lord Coleridge, the Chief Justice, dissented, and, among other things, said, at page 153: ". . . it seems to me a subtlety not warranted by law to hold that a man cannot bring two actions, if he is injured in his arm and in his leg, but can bring two, if besides his arm and leg being injured his trousers which contain his leg, and his coat-sleeve which contains his arm, have been torn." See *Sprague* v. *Adams*, 139 Wash. 510, where the decision is in accord with our rule and where many of the cases on both sides of the question are collected.

In our opinion there was no error upon this report.

*Order dismissing report affirmed.*