Rowe, J.
This is an action of tort, the plaintiff and defendant being involved in an automobile collision. The trial judge found for the plaintiff. The defendant claims this was error, in that he should have found for the defendant by reason of that portion of the answer which pleads res judicata. We are of the opinion that the case' does not present an instance of res judicata.
The facts on this point are as follows: the plaintiff brought an action for property damage in the district court. This is the case now bef ore us. She later brought a second action for personal injuries to herself arising out of the same accident, this action being brought in the district court almost a year later 'and was removed to the Superior 'Court. The personal injury suit was settled and “agreements for judgment were signed for the parties and given to the insurance company with the understanding that they be held . . ..”
*230 The plaintiff filed a discontinuance in the Superior Court, together with a motion to non-suit the plaintiff ‘ ‘which motion was heard ex parte 'and allowed; that the case then went to judgment on the plaintiff’s non-suit. ’ ’ The question is as to whether the judgment on the non-suit in the personal injury action bars the plaintiff from further proceeding in the property damage action.
The plaintiff filed a discontinuance in the personal injury case. That filing operated, without anything more being done by the plaintiff to discontinue that action. Derick v. Taylor, 171 Mass. 444, 446. While a motion to non-suit the plaintiff would be permissible practice, it was not necessary in that ease owing to the discontinuance of the action.
The agreement for judgment which was given to the insurance company was not filed in court land was to “be held” in accordance with the understanding. Hence it could have been found that the delivery was conditional rather than absolute. Hill v. Hall, 191 Mass. 253, 265. But even if not a conditional delivery that would not bar the case now under consideration.
The defendant relies on Dearden v. Hey, 304 Mass. 659 to the effect that a cause of action cannot he split and made the basis of several proceedings. But that is not the dose at bar. In the present cause the only judgment was the judgment on the non-suit. A judgment on a non-suit is not such a judgment as would be a bar to a subsequent action for the same cause. Guild v. Cohen, 269 Mass. 241. The personal injury and the property damage are “merely items of damage proceeding from the same wrong.” Dearden v. Hey, 304 Mass. 659, 663.
If the parties settle as to certain items, that does not bar an action relative to the other items even if arising *231 from the sarnie cause unless the judgment in the later case is a judgment final as to the cause and not one final simply to the particular action pending.
There was no prejudicial error in the case- at bar and the report should be dismissed. So ordered.