LESLIE R. COUSINEAU & another[1] vs. BERNARD J. LARAMEE.

Hampden. January 3, 1983. — April 21, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil,* Summary judgment, Motion to dismiss, Small claims procedure, Joinder of claims. *Res Judicata. Statute,* Construction. *Motor Vehicle,* Joinder of accident claims.

Where plaintiffs had recovered in a District Court small claims proceeding for damage to their automobile resulting from an accident with the defendant, their subsequent action against the same defendant in the Superior Court seeking damages on that claim and various other claims arising from the same accident was barred under the principles of res judicata. [861-864]

CIVIL ACTION commenced in the Superior Court Department on August 13, 1981.

The case was heard by *Cross,* J., on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Frank R. Saia (Thomas Locke* with him) for the plaintiffs.

*Patricia A. Bobba* for the defendant.

HENNESSEY, C.J. The plaintiffs are husband and wife and joint owners of an automobile. After being involved in an automobile accident with the defendant, the plaintiffs brought a small claims action in Holyoke District Court seeking $2,000 for the damage to their automobile. After a hearing before a judge on the merits, judgment was entered for the plaintiffs in the amount of $1,200, plus court costs of

---

[1] The other plaintiff is Rhea Cousineau.

$8.93. The defendant paid on the execution, which was then indorsed "satisfied in full" and filed in the District Court.

Subsequently, the plaintiffs filed a complaint in Superior Court alleging claims for (1) the same property damage as was heard in the small claims action, (2) bodily injuries to Leslie Cousineau, (3) pain and suffering to Leslie Cousineau, and (4) loss of spousal consortium. A judge of the Superior Court allowed a motion by the defendant to dismiss the action on the ground that it was barred by res judicata because of the prior District Court judgment.[2] The plaintiffs brought an appeal to the Appeals Court and we transferred the case to this court on our own motion. The plaintiffs argue that they should be allowed to split their cause of action for property damage and bodily injury, and that this case should not be controlled by *Dearden* v. *Hey,* 304 Mass. 659 (1939). We disagree.

In *Dearden,* we held that "damages resulting from a single tort, even though such damages be partly property damages and partly personal injury damages, are, when suffered by one person, the subject of only one suit as against the wrongdoer." *Id.* at 663. As in the case at bar, the plaintiff in *Dearden* first brought an action and

---

[2] The trial judge dismissed the plaintiffs' complaint under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). We note, however, that the defendant submitted factual matters outside the pleadings, i.e., judgment from the small claims court; the motion, therefore, should have been treated as a motion for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974), and not as a motion to dismiss under rule 12 (b) (6). See Mass. R. Civ. P. 12 (b); *Stop & Shop Cos.* v. *Fisher,* 387 Mass. 889, 892 (1983); *Wheeler* v. *Roman Catholic Archdiocese,* 378 Mass. 58, 59, cert. denied, 444 U.S. 899 (1979). The plaintiffs have not challenged as improper the trial judge's implicit conversion of the rule 12 (b) (6) motion to one for summary judgment, nor do we perceive any prejudice to the plaintiffs' rights to present extraneous matters. Accordingly, we review the judge's dismissal of this action as though he had granted a motion for summary judgment. Such a motion is properly granted when "there are no genuine issues as to any material fact and . . . the [moving party] is entitled to judgment as a matter of law." *Coveney* v. *President & Trustees of the College of the Holy Cross, ante* 16, 19 (1983).

recovered for property damage resulting from an auto-
mobile collision caused by the negligence of the defendant.
*Id.* at 660-661. The plaintiff later attempted to recover
from the same defendant for bodily injuries resulting from
the same automobile collision. *Id.* at 659. In upholding a
finding for the defendant on the basis of res judicata, we
specifically declined to follow the minority rule that con-
duct which simultaneously causes injury to the person and
property of one individual vests in that individual two sep-
arate and distinct causes of action. Rather, we concluded
that because there is only one tortious act in such a situa-
tion, only one cause of action for all items of damage will lie
against the wrongdoer. *Id.*

*Dearden* is clearly applicable to the case at bar. Never-
theless, the plaintiffs argue that we should overrule *Dearden*
because of specific statutory changes in the area of automobile
insurance law and because the doctrine set forth in *Dearden*
has lost its usefulness. The plaintiffs point out that in the
Automobile Insurance Reform Law, St. 1976, c. 266, the
Legislature expanded the jurisdiction of the small claims court
to include actions for property damage caused by a motor
vehicle, regardless of the amount of the claim. G. L. c. 218,
§ 21, as amended by St. 1982, c. 27. All other claims are sub-
ject to a limit of $1,200. *Id.* The plaintiffs further note that by
St. 1970, c. 670, § 5, the Legislature enacted G. L. c. 231,
§ 6D, which provides that a person injured in a motor vehicle
accident in this State may recover damages for pain and suf-
fering only if his medical expenses exceed $500, or if his injury
qualifies under any one of five other statutory criteria.[3]

The plaintiffs contend that, in making those statutory
reforms, the Legislature did not intend to force plaintiffs to
bring their claims for both personal and property damages
in the same action. The plaintiffs argue that the Legis-

---

[3] The criteria are whether the injury "(1) causes death, or (2) consists in
whole or in part of loss of a body member, or (3) consists in whole or in
part of permanent and serious disfigurement, or (4) results in . . . loss of
sight or hearing . . . or (5) consists of a fracture." G. L. c. 231, § 6D.

lature was aware that often an injured plaintiff will not attain the $500 threshold for recovery of damages for pain and suffering until many months after the accident, and that an injured plaintiff frequently will not know the full extent of his personal injuries until an even longer period of time after the accident. They assert further that the Legislature was aware that, in contrast, the extent of property damage incurred in an automobile accident is usually immediately apparent. According to the plaintiffs, the Legislature did not intend to force injured plaintiffs to forgo prompt recovery for their property damage in a small claims action by reason of the necessity to join all claims in a more deliberate proceeding in a District Court or the Superior Court.

We conclude, however, that the Legislature did not intend to alter the well-established common law rule of this State that a plaintiff may not split his claims for property damage and personal injury. A statute should not be interpreted to "require a radical change in established public policy or in the existing law [if] the act does not manifest any intent that such a change should be effected." *Dexter* v. *Commissioner of Corps. & Taxation,* 316 Mass. 31, 38 (1944), and cases cited. The Legislature has not indicated either expressly or by implication any intent to alter the rule of *Dearden* v. *Hey,* 304 Mass. 659 (1939). Indeed, the Legislature has stated clearly in G. L. c. 218, § 21, that a small claims proceeding is an "*alternative* to the formal procedure for civil actions" (emphasis supplied) that may be brought in the District or Superior Courts. We also note that when *Dearden* was decided, the statute of limitations period for a property damage claim was different from that for a bodily injury claim, thus arguably indicating "a legislative intent to distinguish the rights . . . and to regard them as based upon two separate causes of action." *Dearden, supra* at 663 (rejecting this argument). Today, however, the statute of limitations period for both claims is the same. See G. L. c. 260, §§ 2A, 4.

Moreover, abrogating the single cause of action rule would have the effect of undermining substantially the clear

intent of the Legislature in expanding the small claims jurisdiction of the District Courts with regard to motor vehicle property damage claims. That intent, the plaintiffs and the defendant agree, was to provide a simple, informal, and inexpensive procedure for the determination of motor vehicle property damage claims. If plaintiffs were allowed to split their property damage and bodily injury claims in motor vehicle tort actions, a defendant in a small claims action for only property damage would have to be concerned about the application of the doctrine of issue preclusion in a later action for bodily injury.[4] The defendant might well file a motion for transfer to the regular civil docket. G. L. c. 218, § 24. If, on the other hand, the property damage case were tried in the small claims court and a judgment for the plaintiff were entered, the defendant, even if not dissatisfied with the award of damages by the small claims court, might well remove the case to the Superior Court, pursuant to G. L. c. 218, § 23, in order to preserve his rights to the more formal proceeding and to protect his posi-

---

[4] Under the doctrine of issue preclusion, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982). See *Foster* v. *Evans*, 384 Mass. 687, 694-696 (1981). When the small claims procedure allows recovery against the tortfeasor for property damage, it is clear that the negligence of the defendant is "actually litigated and determined by" the court and that such "determination is essential to the judgment." Restatement (Second) of Judgments, *supra*. Furthermore, the small claims court is "a 'court of competent jurisdiction'" because it is "a tribunal recognized by law as possessing the right to adjudicate the controversy." *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226, 230 (1981). It is true that the small claims procedure is less formal and that a defendant in such a proceeding is deprived, in some instances, of extensive discovery, evidentiary rules, the intensive assistance of counsel, and a determination of the facts by a jury. See *McLaughlin* v. *Municipal Court of Roxbury*, 308 Mass. 397, 401-405 (1941). Nevertheless, in this proceeding, the parties are given "an adequate opportunity to litigate the [issue] decided." *Foster* v. *Evans*, *supra* at 696, and they are also provided the right to a trial de novo in the Superior Court under G. L. c. 218, § 23. Issue preclusion, hence, might apply to a determination of the defendant's negligence by the small claims court.

tion in any subsequent bodily injury action. Thus, if we allow plaintiffs to split their claims for personal injuries and property damage, the intent of the Legislature to create a simple, speedy, and informal proceeding for the adjudication of property damage claims would be frustrated by the legitimate concern of defendants regarding the applicability of issue preclusion.

The plaintiffs also urge us to overrule *Dearden* on the ground that the single cause of action doctrine enunciated in that case has lost its usefulness. They argue that the single cause of action doctrine, which tends to delay recovery by plaintiffs for their property damage, favors insurers over those injured plaintiffs who are of limited financial resources. Even if we were to accept this argument, which inheres in policy, we would, nevertheless, follow the Legislature's clear intent to continue in effect the single cause of action rule. Although some plaintiffs might be disadvantaged thereby, the proper functioning of the small claims court proceeding as a whole is ensured by retaining this rule. Cf. *McKibben* v. *Zamora*, 358 So.2d 866, 868-869 (Fla. App. 1978) (retaining single cause of action rule even though at time first action for property damage was filed, plaintiff had not reached statutory threshold of $1,000 in personal injuries to bring suit for personal injury damages). Thus, we adhere to the single cause of action rule announced in *Dearden*, and we affirm the judgment on the defendant's motion to dismiss.

*Judgment affirmed.*