Cornetta, Roberta., J.
On October 27, 2011 the parties in this matter appeared and were heard upon the plaintiffs motion seeking to strike portions of the defendant’s submittal and the defendant’s motion seeking summary judgment pursuant to Mass.R.Civ.P. 56.
The two issues presented to this Court for determination by the parties at hearing are as follows, viz.
First, should G.L.Ch. 151A, §46 be applied in this case to bar the introduction of any evidence presented at a prior administrative hearing or court appeal as claimed by the plaintiff?
Second, should the judgment of the District Court in this matter be afforded the status of issue preclusion in this case such that the defendants are entitled to Rule 56 (summary judgment) relief?
I.
Examining the first proposition, it is noted that the statute (G.L.c. 151A, §46) provides an absolute privilege as to information and evidence presented to an employment and training hearings officer by a person aggreived because his/her request for unemployment benefits has been denied by the agency.
Under Section 46(c)(1), there is an exception to the absolute privilege “in any civil or criminal case brought pursuant to this chapter where the department or commonwealth is a necessary party.”
In this case, the plaintiff at the agency level could have elected to claim her statutory privilege or, if she elected to pursue her claim further by initiating a legal action where the department became a necessary party, waive the privilege pursuant to the language of the statute. This of course is just what the plaintiff did.
As a matter of right under the statute, the plaintiff filed her action in the District Court. [See: Joanne Beaubrun v. Director of the Division of Unemployment Assistance et al., Lawrence District Court, docket number 0718 CV 0556.) Upon her doing so, the records of that proceeding both became a matter of public record outside of the provisions of Section 46 and, since the District Court proceeding was one in which both a judgment entered and the plaintiff had a right of further appellate review (G.L.c. 151 A, §42), the District Court’s judgment was then available for any issue preclusion effect it might be afforded in subsequent proceedings. (See: Jaroz v. Palmer, 436 Mass. 526 (2002).)
Thus, in ruling upon the plaintiffs motion to strike, since she elected to waive her privilege and proceed to suit before the District Court, the record of that proceeding is now available to the defendant and the plaintiffs motion must therefore be DENIED.
II.
Next, we must look to what effect (if any) the District Court judgment has upon this matter and the defendants’ motion for summary judgment.
The doctrine of issue preclusion (referred to often in the past as “collateral estoppel”) provides that when an issue has been actually litigated and determined by a final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or a different claim. (See: Nolan & Henry, Massachusetts Practice Series, third edition, vol. 9, Section 28.9 and Cousineau v. Laramee, 388 Mass. 859 (1983).)
The claims in this case are that the defendants wrongfully terminated the plaintiff based upon a series of discriminatory actions targeted against one or more protected class designations that the plaintiff falls under. Thus, if there was no termination of her employment by the defendants, the plaintiff has no claims.
*155 In the District Court’s judgment, the trial justice upheld the findings and rulings of the agency, which determined that the plaintiff was not entitled to unemployment benefits since she suffered no termination of her employment, either actual or constructive. The judgment affirms the agency decision that the plaintiff left her position of her own accord, thus disqualifying her for unemployment benefits.
The agency hearing was one where the plaintiff in this action was able to fully participate and did so with the assistance of legal counsel. Her appeal taken to the District Court was clearly an exercise by and grant to her of legal due process. Again, the plaintiff in that action was represented by legal counsel and for the purposes of the Jaroz analysis, supra, afforded the plaintiff the benefit of further appeal which she did not exercise, determining instead to bring this action in the Superior Court.
In reviewing the effect of the District Court judgment, ruling is now entered that it meets the test for issue preclusion in this case and ought to be afforded the same in considering the defendants’ summary judgment motion. Accordingly, and based upon the findings and rulings entered supra, this Court now determines that as a matter of law the plaintiff s claims of wrongful termination have been conclusively decided previously and that her claims in this matter cannot now go forward. The defendant’s summary judgment motion is therefore ALLOWED.
ORDER FOR ENTRY OF JUDGMENT
Pursuant to Rule 56, the summary judgment motion brought by the defendants having been allowed in this matter, judgment for the defendants is now to be recorded upon the docket by the clerk magistrate and the plaintiffs complaint is now ordered dismissed, with prejudice. There shall be no costs or fees awarded any party at this time.
Notice shall now be provided to the parties pursuant to Rule 58.