Fecteau, Francis R., J.
Defendants Akibia, Inc. (Akibia) and Thomas Tucker’s Motion for Summary Judgment as to Plaintiff Dane Donaldson’s (Donaldson) retaliation claim pursuant to G.L.c. 15 IB, §4(4) is hereby DENIED.
This claim arises out of Akibia’s reduction of Donaldson’s proposed severance pay after the termination of the employment relationship. The reduction from sixteen weeks to nine weeks of severance pay occurred after Donaldson’s attorney sent a letter to Akibia inquiring about possible discrimination and stating the possibility of filing a claim with the Massachusetts Commission Against Discrimination. The threshold issue for the Court’s consideration is whether an individual may bring a claim against a former employer for post-employment retaliation. The Supreme Judicial Court of Massachusetts has ruled *319 on post-employment retaliation cases, and the United States Supreme Court has also resolved a circuit split on the issue by holding that former employees may bring a retaliation claim for acts that occur after the termination of the employment relationship.[1]
After overcoming this initial legal hurdle, this Court finds that a genuine issue of material fact exists with respect to at least one element of Donaldson’s retaliation claim. A claim for retaliation requires that the plaintiff demonstrate a causal connection between the protected activiiy and the employer’s adverse action. MacCormack v. Boston Edison Co., 423 Mass. 652, 662 (1996) (quoting trial judge’s juiy instruction explaining legal standard for causation). The causal connection can be shown through direct evidence of discriminatory animus, evidence of similar treatment of employees engaging in similar conduct, or though circumstantial evidence demonstrating that the protected conduct was followed by discriminatory action. Maldonado v. Metro, 743 F.Sup. 563, 568 (N.D.Ill. 1990); see Mole v. Univ. of Mass., 442 Mass. 582, 592, 595 (2004). Akibia’s alleged retaliatory actions closely followed Donaldson’s attorney’s letter inquiring about Akibia’s possible discriminatory purpose and asserting the potential for a lawsuit. Accordingly, the Defendants’ Motion for Summary Judgment must be denied because the timing of Akibia’s reduction in severance pay raises a question of fact as to whether Akibia’s actions were based on legitimate business decisions and not retaliatory animus.
ORDER
For all of the foregoing reasons, it is ORDERED that the motion of the Defendants, Akibia, Inc. and Thomas Tucker, for summary judgment is DENIED.

 See Robinson v. Shell Oil Co., 519 U.S. 337, 340, 346 (1997) (resolving circuit split by holding that former employees may bring suit against former employers for post-employment retaliation); Sahli v. Bull HN Info. Sys., Inc., 437 Mass. 696, 698, 707 (2002) (holding that employer did not engage in retaliation by filing a complaint against a former employee several months after the termination of the employment relationship); Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 784 (2001) (determining the statute of limitations barred plaintiffs post-employment retaliation claim regarding former employer’s withdrawal of its consent to provide reference letters to the plaintiff).