Tucker, Richard T., J.
Defendants seek collectively, by the two filed motions, to dismiss or have summary judgment enter in regard to fourteen of the sixteen counts of plaintiffs verified complaint. The complaint sets forth claims of racial and national origin discrimination in the work place resulting in the failure to promote and the termination of plaintiff by his employer, Ocean State Job Lot Stores of Se MA, Inc. (“Ocean State”). (G.L.c. 151B, §4(1).) He also asserts that defendants retaliated against him on account of his filing of a charge of discrimination with the Massachusetts Commission Against Discrimination (MCAD) after he was terminated. (G.L.c. 15 IB, §4(4).) Lastly plaintiff claims that he was retaliated against by coercion, intimidation, threats or interference with his exercise of the right to bring a claim against defendants in the MCAD (G.L.c. 151B, §4(4A)), and that defendant George Portrait aided and abetted these discriminatoiy practices. (G.L.c. 15IB, §4(5).)
Defendants move to dismiss the retaliation claims brought under §4(4) and §4(4A) and seek summary judgment in regard to claims of discrimination for defendants’ failure to promote and the aiding and abetting claims. Defendants do not move against Count II, which sets forth the claim of termination of employment based upon plaintiffs race and or national origin against defendant Ocean State Job Lot SE MA, Inc. on Count XV which seeks punitive damages.

Applicable Standard

a. Motion to Dismiss

A motion to dismiss or for judgment on the pleadings, by its very nature, “argues that the complaint (or counterclaim) fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading his case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief required more than labels and conclusions... Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).. .” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). In short, a Complaint must contain, to prevent a motion to dismiss, “allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Id.

b. Summary Judgment

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).

DISCUSSION

Motion to Dismiss

In asserting that the Complaint fails to state claims of retaliation upon which relief can be granted the defendants argue that Counts IV-XV must be dis *500 missed as the alleged retaliatory actions took place after the plaintiff had been terminated. Thus, even if the alleged retaliatory actions occurred, the defendants argue plaintiff suffered no adverse employment action as a result. In support of this position the defendants cite MacCormack v. Boston Edison Co., 423 Mass. 652 (1966). In MacCormack, the Supreme Judicial Court stated that “[t]o succeed . . . plaintiff must establish the basic fact that he was subjected to an adverse employment action.” Id. at 662 citing Lewis v. Gillette. Co., 22 F.3d 22, 24 (1st Cir. 1994). The complained of action must be sufficient to produce in the plaintiff a “material disadvantage.” MacCormack at 662. In MacCormack, the court found that plaintiff had proven he had exercised a protected right when he filed a discrimination claim against his employer, that the employer knew the plaintiff had filed a claim and knew that retaliation was illegal. The court found, however, that the plaintiff had never established that as a result he had suffered an “adverse employment action” which materially disadvantaged him. MacCormack at 663. Herein, defendants argue, that the retaliatory acts alleged by plaintiff occurred following his termination and therefore could not have materially disadvantaged plaintiff in regard to his employment.
Plaintiff responds that a claim for retaliation may be made upon acts that occur after a termination. The Supreme Judicial Court has twice considered cases involving alleged retaliatory actions that occurred post-termination. Sahli B. Bull v. HN Information Systems, Inc., 437 Mass. 696, 700, 702-06 (2002) (employer’s filing of a declaratory judgment action seeking a ruling upon the effect of a release signed by the plaintiff at the time of her layoff, was not in retaliation to plaintiffs commencement of a MCAD action); Weber v. Community Team Work. Inc., 434 Mass. 761, 784-86 (2001) (claim that employer’s failure to distribute letters of reference as previously agreed, in retaliation for plaintiffs filing of a charge with the MCAD, was untimely). In neither of these cases did the Court consider the post-termination nature of the alleged retaliatory acts.
At least one Superior Court case has followed Sahli B. Bull and Weber in holding that “employees may bring a retaliation claim for acts that occur after the termination of the employment relationship.” Donaldson v. Akibia, Inc., 20 Mass. L. Rptr. 318 (2005, Fecteau, J.). In Donaldson, plaintiffs claim of retaliation by the employer’s reduction of proposed severance pay after receipt of plaintiffs attorney’s discrimination claim letter was held to raise a justiciable question of fact sufficient to preclude summary judgment.
Moreover, federal courts interpreting Title VII of the Civil Rights Act[1] have held that the prohibition against discriminatory retaliation “extends beyond workplace-related or employment-related retaliatory acts and harm.” Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 67 (2006). Although not required to be work-related, to be actionable the retaliation must produce injury or harm that a reasonable employee would find to be materially adverse to his interests and which “might have ‘dissuaded a reasonable worker from making or supporting a charge of discrimination.’ ” Id. at 68, quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C.Cir. 2006).
I find that the acts complained of in the instant action, ie. post-termination retaliation, state claims under G.L.c. 151B, §§4(4) and 4(4A). Having found that the post-termination nature of the alleged retaliatory acts do not present a legal bar, the plaintiffs complaint must be examined to determine whether such counts set forth allegations which, when read most favorably for plaintiff, plausibly suggest plaintiffs entitlement to relief. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).
Reading Counts IV-XV in a light most favorable to the plaintiff, and accepting all allegations and inferences as true, Nader v. Citron, 372 Mass. 96, 98 (1977), I find that the facts pleaded as to the retaliatory claims are sufficient to meet the Iannacchino standard. Accordingly, these counts will not be dismissed.

Summary Judgment

Defendants move for summary judgment on the failure to promote claims (Count I) and the aiding and abetting discriminatory conduct claim (Count III) as being time-barred by the 300-day Statute, of Limitations of G.L.c. 151B, §5 and 804 CMR 1.10(2).
Plaintiff claims that in “July or August 2007"[2] he was passed over for the position of Manager of the Marlboro, Massachusetts store due to his race and/or national origin. Plaintiff asserted this claim in his Charge of Discrimination filed with the MCAD on May 19, 2008.[3] Gary Hilton, a Regional Manager for Ocean State has stated by sworn affidavit that the new Marlboro Store Manager, Dianne Blake, was introduced as such to the plaintiff and other members of the store’s staff on July 23, 2007. Plaintiffs last day of active work was July 26, 2007 when he went on vacation. Plaintiffs employment was terminated on August 6, 2007 upon his return.
Defendants argue that plaintiff had knowledge of his allegedly being “passed over” for the position of manager at the Marlboro Store as of July 23, 2007, some 301 days prior to his filing of the charge of Discrimination on May 19, 2008. Under statute and MCAD regulations such filing was one day late. G.L.c. 151B, §5.
Plaintiff counters by requesting that the court take judicial notice that the 300th day following July 23, 2007 was Sunday, May 18, 2008. Consequently plaintiff claims he was entitled to file his charge on Monday, May 19, 2008, and the filing was thus timely.
This court believes that at this stage, relatively early in the litigation and prior to substantial discovery having been conducted, Rule 56(f) should be imposed *501 to provide time for all parties to untangle the time lines of events involved and determine whether circumstances of the alleged July 2007 or earlier failure to promote were such as to have put plaintiff on notice of the adverse employment action. Therefore, summary judgment as to the failure to promote claim (Count I) and the aiding and abetting claim (Count III) are not appropriate at this time.

ORDER

1. Defendants’ Motion to Dismiss Counts IV through XV is DENIED.
2. Defendants’ Motion for Partial Summary Judgment of Counts I and III is DENIED without prejudice pursuant to Rule 56(f), Mass.R.Civ.P.

The VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. §2000e-z(a). Its anti-retaliation provision forbids discrimination against one who makes a charge, testifies, assists or participates in a Title VII proceeding or investigation. 42 U.S.C. §2000-e(a).

Plaintiff states in his memorandum dated November 6, 2009 that “this case was filed less than two months ago and no discovery has occurred.” He requests that time for discovery pursuant to Mass.R.Civ.P. 56(f) be granted so that the exact date of his notice of the filling of the position can be established.

In his memorandum plaintiff also alleges a failure to promote dating to February/March 2007 which as yet he has not discovered the exact date or circumstances.