Tucker, Richard T., J.
Plaintiffs, Seth Lemansky, Myles Lemansky and Ross Lemansky (hereinafter “Lemanskys”) seek in their complaint relief in the nature of certiorari against the Town of Auburn and its Conservation Commission. Specifically, Lemanskys seek to reverse and vacate an Enforcement Order issued by the Town of Auburn Conservation Commission. In Count II of Lemanskys’ complaint declaratoiy judgment is sought seeking a determination that the 1978 definitions of the Department of Environmental Quality Engineering are not applicable to the current Town of Auburn Wetland Protection By-law; that the Conservation Commission had no authority to issue its Enforcement Order; and that the Conservation Commission’s reference to subsequently amended definitions renders its Enforcement Order void for vagueness.
Before the Court at this time is the defendant’s motion to dismiss alleging that Lemansky’s action is not properly before the Court procedurally or jurisdic-tionally.
After review of the memoranda of counsel, the pleadings, exhibits and having heard oral argument, I find and rule as follows.

Applicable Standard

A motion to dismiss, by its veiy nature, “argues that the complaint fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002) quoting J.W. Smith &H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading his case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a. . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief required more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In short, a Complaint must contain, to prevent a motion to dismiss, “allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Id.

FACTUAL BACKGROUND

Lemansky owns an open, undeveloped lot at 253 Prospect Street, Auburn, Massachusetts. Over a period of time adjacent lots number 249 and 251 Prospect Street were cleared of trees and, under some arrangement with those lot owners, the trees harvested were transferred by vehicle to Lemansky’s lot at 253 Prospect Street where they currently remain stored.
On or about June 20, 2006 the Conservation Commission of the Town of Auburn (Conservation Commission) issued an Enforcement Order to Lemansky *30 which required Lemansky to “immediately cease and desist from any activity affecting the Buffer Zone and/or resource areas.” The specified activity ordered to be discontinued was “crossing of a wetland without proper permits.” That Enforcement Order states that it is issued pursuant to the Massachusetts Wetlands Protection Act, M.G.L.c. 131, §40. It also relates that “an Enforcement Order issued by a Conservation Commission cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court."
On August 10, 2006, for reasons which are not yet fully apparent, the Conservation Commission issued a second Enforcement Order. This Enforcement Order utilized the same form as its prior order except references to the Massachusetts Wetlands Protection Act, M.G.L.c. 131, §40 and the Department ofEnvironmen-tal Protection were excised and in their place, in handwritten form, the name “Auburn Conservation Commission” was inserted. Additionally, it was indicated throughout that the Enforcement Order was for violation not of the Wetlands Protection Act but of the Town of Auburn’s Wetlands By-law. Lemanskys were similarly ordered to cease and desist from “crossing of a wetland without proper permits.” This order also contained the same language as the former in regard to not being appealable to the Department of Environmental Protection, and that appeals must be made directly to the Superior Court.
Defendants now argue, despite the express language of the Enforcement Order, that plaintiffs’ claim cannot be brought in the Superior Court, and should be dismissed for plaintiffs having failed to pursue and exhaust administrative remedies presumably through appeal to the Department of Environmental Protection.

DISCUSSION

Defendants move to dismiss arguing that plaintiffs have failed to exhaust their administrative remedies and therefore plaintiffs’ action is procedurally and jurisdictionally deficient. Additionally defendants move that enforcement actions of the Conservation Commission are administrative actions, not judicial or quasi judicial in nature, and therefore are not open to review on by an action in the nature of certiorari.
Defendants have set forth the appellate avenues that must be followed under Enforcement Orders. Having stated that an appeal of the order might only be taken to the Superior Court, it cannot be heard now to state that an appeal should have and must have proceeded to an administrative venue. This Court rules that Conservation Commission is estopped from refuting the express language of its Enforcement Orders that state that the order “cannot be appealed to the Department of Environmental Protection, but may be filed in Superior Court.”
Review of civil actions by complaint in the nature of certiorari is available if the requisite elements of cer-tiorari are present:
(1) A judicial or quasi-judicial proceeding;
(2) a lack of all other reasonably adequate remedies; and
(3) A substantial injury or injustice arising from the proceeding under review. Warren v. Hazardous Waste Facility Site Safety Council, 392 Mass. 107, 117 (1984) quoting Boston Edison Co. v. Selectmen of Concord, 355 Mass. 79, 83 (1968).
Some administrative agency determinations have been found decidedly not to involve adjudicatory proceedings and therefore are not proper subject of actions in the nature of certiorari. In Reid v. Acting Commissioner of the Department of Community Affairs, 362 Mass. 136 (1972), the issue was presented whether the public hearing that was required to be held by the Department of Community Affairs under G.L.c. 121B, §48, in regard to the approval or disapproval of an urban renewal plan, constituted an “ad-judicatoiy proceeding.” The Department contended therein that the public hearing was not adjudicatory, but was, instead, a “legislative type hearing.” Id. at 138. The Supreme Judicial Court ruled that a proceeding does not become “adjudicatory merely because it may affect the public, political or legislative functions of the city,” id. at 141, and that the Department’s decision to hold nonadjudicatory hearings upon the issues was not in violation of statute or precedent. Id. at 141-45. Similarly, in Warren v. Hazardous Waste Facility Site Safety Council, 392 Mass. 107, 117 (1984), the court ruled that the determination of the Hazardous Waste Facility Site Safety Council of the feasibility of a hazardous waste facility, was of a “public, political or legislataive” nature that need not be made at an adjudicatory proceeding. Id. at 117. As such civil review in the nature of certiorari under G.L.c. 249, §4 was not available for reviewing the council’s feasibility determinations. Id.
Here however the Conservation Commission, in issuing its Enforcement Order, was not making a political determination as in Reid. Moreover, it was not a department or agency rendering a legislative-type decision as in Warren. In issuing the Enforcement Order, the Conservation Commission was called upon to exercise judgment and discretion. The order was a culmination of hearings in which opposing points of view were presented. In analogous situations under the State Administrative Procedures Act, G.L.c. 30A, an adjudicatory proceeding is defined as “a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing.” G.L.c. 30A, §1(1). This is what appears to have occurred in the instant case. The fact that the Conservation Commission exercised some ministerial functions does not compel a determination that the proceedings concerning the Enforcement Order were not adjudicatory. Boston Edison Co. v. *31 Board of Selectmen of Concord, 355 Mass. 79, 83 (1968). Various other types of “orders” by governmental bodies have been deemed to be adjudicatory and thus subject to review pursuant to an action in the nature of certiorari. Cambridge v. Railroad Commissioners, 153 Mass. 161, 169-70 (1891) (order of commissioners to construct an overpass was quasi-judicial); New York Central Railroad v. Department of Public Works, 354 Mass. 332, 333-35 (1968) (decision not to allow a certain grade crossing was result of adjudicatory proceeding). In similar fashion the order of the Conservation Commission following hearings at which opposing views were presented, is adjudicatory, quasi-judicial and thus appropriate for review in the nature of certiorari. Moreover, the compelling fact that the Conservation Commission has dictated that only actions seeking review may be brought in a superior court supports this Court’s finding that certiorari is an appropriate remedy.

ORDER

For the above stated reasons the defendants’ motion to dismiss is DENIED.