James Jarosz *vs.* Stephen L. Palmer & another.[1]

Middlesex. January 7, 2002. - April 19, 2002.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Collateral Estoppel. Practice, Civil,* Judgment on the pleadings. *Attorney at Law,* Attorney-client relationship. *Judgment,* Preclusive effect.

The judge in a civil action properly took judicial notice of materials in another civil matter when deciding the defendants' motion for judgment on the pleadings. [529-530]

In a legal malpractice action, the judge erred in concluding that the plaintiff was precluded from arguing that the defendants had represented him where, although the issue of the attorney-client relationship had been actually litigated in a separate case in which the issue had been briefed by the parties and had been decided by a judge after a nonevidentiary hearing [530-532], the issue was not essential to the merits of that prior proceeding [532-533], and the decision in that case did not have the requisite level of finality because the judge's determination was not subject to appellate review [533-535]; further, the fact that the parties in that prior action later stipulated to a dismissal did not change the previous determination into a final judgment for purposes of issue preclusion [535-536].

Civil action commenced in the Superior Court Department on July 11, 1997.

The case was heard by *Isaac Borenstein,* J., on a motion for judgment on the pleadings.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Nelson G. Apjohn (Scott A. McQuilkin* with him) for the defendants.

*Scott S. Sinrich* for the plaintiff.

Cowin, J. The plaintiff, James Jarosz, appeals from an order of the Superior Court dismissing his claims against the defendants on the basis of issue preclusion. The plaintiff's claims against attorney Stephen L. Palmer and his law firm

---

[1]Warner & Stackpole LLP.

Warner & Stackpole LLP (Palmer) are premised on the contention that Palmer represented Jarosz individually in his acquisition of a corporation. A Superior Court judge granted the defendants' motion for judgment on the pleadings after concluding that Jarosz was precluded from arguing that Palmer had represented him individually because, in a separate case brought by Jarosz against his former business partners, another judge of the Superior Court had concluded that Palmer and Jarosz did not have an attorney-client relationship. The Appeals Court, in *Jarosz* v. *Palmer*, 49 Mass. App. Ct. 834 (2000), determined that the requirements for issue preclusion had not been met and reversed the Superior Court's order dismissing the case. We granted Palmer's application for further appellate review. We reverse the Superior Court's order and remand the case for further proceedings.

1. *Factual background and procedural history.* We summarize the relevant facts from the Superior Court's order on the defendants' motion for judgment on the pleadings. Jarosz and three business partners together agreed to acquire a company known as Union Products. Jarosz hired Palmer, an attorney, to assist in the acquisition and financing of the business. Jarosz and his partners successfully acquired the business and each became twenty-five per cent owners. The relationship between Jarosz and his partners eventually soured, and the partners terminated Jarosz from his position as employee and officer of Union Products. As a result, Jarosz filed suit against the partners, Union Products, Inc., and Union Products Realty Corp., alleging wrongful termination and breach of fiduciary duty (the Union Products case). Palmer represented the corporations in this suit.

Jarosz moved to disqualify Palmer from serving as the corporations' attorney in the Union Products case on the basis that Palmer had represented Jarosz individually in his acquisition of Union Products, and therefore his continued representation of the corporations created a conflict of interest. The judge's order on Jarosz's disqualification motion in the Union Products case stated that, for Jarosz to succeed on his motion, "he must meet the threshold burden of establishing that an attorney-client relationship existed between himself and Palmer during the

acquisition dealings." Having found that Jarosz failed to meet this burden, the judge denied the motion.

After the commencement of the Union Products case, Jarosz filed this suit against Palmer, alleging breach of contract, breach of fiduciary duty, legal malpractice, and violations of G. L. c. 93A. Palmer defended the suit on the ground, inter alia, that he had not represented Jarosz individually. Palmer filed a motion for judgment on the pleadings, claiming that the judge's ruling on Jarosz's motion for disqualification in the Union Products case precluded Jarosz from relitigating the issue whether Palmer had represented Jarosz individually. The judge in the instant case allowed the motion, finding that the three requirements for issue preclusion were met: the issue had been actually litigated, was the subject of a valid and final judgment, and was essential to the judge's decision.

Jarosz filed a timely notice of appeal, claiming that the issue had not been actually litigated, was not the subject of a final judgment, and was not essential to the decision. In addition, he claimed that the motion judge erred in considering evidence outside the pleadings, namely, a copy of the judge's order denying Jarosz's motion for disqualification in the Union Products case.

After the judge issued his order, but while Jarosz's appeal was pending, Jarosz and the defendants in the Union Products case entered into a stipulation of dismissal. The stipulation provided:

> "Plaintiff James Jarosz, and defendants Union Products, Inc., Union Products Realty Corp., Donald Featherstone, Edward Boudreau and Dennis Plante, being all of the parties to this action, pursuant to Mass. R. Civ. P. Rule 41 (a) (1) (ii), do hereby stipulate and agree that this action be, and hereby is, dismissed with prejudice, without costs, and with all appeals waived."

Palmer supplemented the record before the Appeals Court with the stipulation of dismissal, and argued the effect of the stipulation of dismissal during oral argument.

The Appeals Court reversed the judgment on the basis that the judge's determination in the Union Products case did not

constitute a final judgment for the purposes of issue preclusion. *Jarosz* v. *Palmer, supra* at 837-838. Because a motion to disqualify is an interlocutory order subject only to discretionary review by a single justice of the Appeals Court, the court concluded that the decision was not subject to appeal and therefore issue preclusion could not apply. *Id.* The Appeals Court apparently did not consider the stipulation of dismissal in the Union Products case relevant to its determination; its decision mentions the stipulation of dismissal in a footnote, but does not accord it any effect. *Id.* at 838 n.3.

We conclude that issue preclusion's requirement that the issue decided be "essential to the judgment" requires that the issue be essential to the merits of the underlying case. Because this requirement was not met in this case, we reverse the Superior Court's judgment on this basis. We hold also that issue preclusion requires that the decision be "subject to review," and that because the likelihood of obtaining interlocutory review of a motion to disqualify is so remote, it is not sufficient to invoke the doctrine of issue preclusion. The fact that the parties to the Union Products case entered into a stipulation of dismissal after the entry of the disqualification motion does not change our analysis of the finality requirement; a stipulation of dismissal with prejudice is not the equivalent of a final judgment on the merits for the purposes of issue preclusion.

2. *Motion for judgment on the pleadings.* Jarosz argues that the judge erred in considering materials outside the pleadings in allowing the defendants' motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974). According to rule 12 (c), "if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Thus, Jarosz argues that he should have been accorded notice and an opportunity to present further material, as he would have if the judge had treated the motion as one for summary judgment.

A defendant's rule 12 (c) motion is "actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted." J.W. Smith & H.B. Zobel, Rules Practice § 12.16 (1974). In deciding a rule 12 (c)

motion, all facts pleaded by the nonmoving party must be accepted as true. *Minaya* v. *Massachusetts Credit Union Share Ins. Corp.*, 392 Mass. 904, 905 (1984). Because a motion under rule 12 (c) is akin to a motion under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and because we have stated that "[i]t seems reasonable to take judicial notice of facts when considering a motion to dismiss under Mass. R. Civ. P. 12 (b) (6)," *Jackson* v. *Longcope*, 394 Mass. 577, 580 n.2 (1985), we see no reason that a judge may not also consider on a rule 12 (c) motion those facts of which judicial notice can be taken. Further, a judge may take judicial notice of the court's records in a related action. See *Brookline* v. *Goldstein*, 388 Mass. 443, 447 (1983), and cases cited. See also P.J. Liacos, Massachusetts Evidence § 2.8.1, at 26 (7th ed. 1999) ("As to . . . related proceedings, a court may also take judicial notice of the records of other courts"). Although Jarosz argues that the motion should have been treated as one for summary judgment, see Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974), with notice and the opportunity to present additional material, Jarosz was not harmed by the absence of additional procedures. In his memorandum to the judge, he argued that the motion should be treated as one for summary judgment, demonstrating an awareness of the possibility that the judge might agree to consider additional material presented by the parties. However, Jarosz did not seek to present any further evidence. The burden was on him to show that he could present matters outside the pleadings that were relevant to the judge's determination.[2]

3. *Issue preclusion.*[3] The doctrine of issue preclusion provides that when an issue has been "actually litigated and determined

---

[2]Jarosz cites *Bell* v. *Stephens*, 403 Mass. 465 (1988), in support of his argument. There, we merely noted that the trial judge treated a rule 12 (c) motion as a motion for summary judgment when dismissing the case on the basis of issue preclusion, but we never stated that the judge had to do so. We went on to hold that it is improper for a judge to allow a motion to dismiss on the basis of issue preclusion without first examining the record of the prior trial to determine whether issue preclusion is appropriate. *Id.* at 466. The judge did examine the record here, and determined that issue preclusion was appropriate.

[3]The term "res judicata" describes doctrines by which a judgment has a binding effect in future actions. It comprises both claim preclusion (also known as "merger" and "bar") and issue preclusion (also known as "collateral estoppel"). *Heacock* v. *Heacock*, 402 Mass. 21, 23 n.2 (1988). Claim

by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim." *Cousineau* v. *Laramee*, 388 Mass. 859, 863 n.4 (1983), quoting Restatement (Second) of Judgments § 27 (1982). See *Heacock* v. *Heacock*, 402 Mass. 21, 25 (1988). Jarosz successfully argued before the Appeals Court that the judge's decision in the Union Products case failed to meet the finality requirement. However, he challenges the Appeals Court's conclusion that the issue was both actually litigated and essential to the decision.

a. *Actually litigated.* The Appeals Court ·concluded correctly that the issue of Jarosz's attorney-client relationship with Palmer was actually litigated in the Union Products case. *Jarosz* v. *Palmer*, 49 Mass. App. Ct. 834, 837 (2000). Jarosz claims that the issue was not actually litigated because the judge issued his decision without an evidentiary hearing or full trial, and he did not have the opportunity to conduct discovery or cross-examine witnesses. While it is true that "preclusive effect should not be given to issues or claims that were not actually litigated in [the] prior action," *Treglia* v. *MacDonald*, 430 Mass. 237, 241 (1999), an evidentiary hearing or trial is not required before issue preclusion can apply. The appropriate question is whether the issue was " 'subject to an adversary presentation and consequent judgment' that was not 'a product of the parties' consent.' " *Keystone Shipping Co.* v. *New England Power Co.*, 109 F.3d 46, 52 (1st Cir. 1997), quoting J. Friedenthal, Civil Procedure § 14.11 at 672, 673 (1985) (proceeding had preclusive effect where court "had before it the relevant . . . documents" and "read and heard the litigants' opposing views on what meaning and effect should be afforded to those documents").

The issue of Jarosz's attorney-client relationship was briefed by the parties and, after a hearing, the judge determined the issue. See Restatement (Second) of Judgments § 27 comment d

preclusion "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been litigated in the action." *Id.* at 23. Issue preclusion prevents the relitigation of an issue determined in an earlier action when that issue subsequently arises in another action based on a different claim between the same parties or their privies. *Id.* at 23 n.2.

(1982) ("When an issue is properly raised . . . and is submitted for determination, and is determined, the issue is actually litigated . . ."). Jarosz presented an affidavit detailing his contacts with Palmer. The judge considered the facts alleged by Jarosz and determined that, even if taken as true, they did not provide sufficient evidence of an individual attorney-client relationship. During oral argument before this court, Jarosz conceded that he did not request discovery or an evidentiary hearing; he chose to litigate the motion to disqualify on the basis of affidavits. The application of issue preclusion is not conditioned on the opportunity for discovery and an evidentiary hearing. The type of adversary proceeding afforded the parties in this case is sufficient to constitute actual litigation.

The determination of an issue in a prior proceeding has no preclusive effect where "[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action." Restatement (Second) of Judgments § 28(4) (1982). Jarosz argues that because public policy considerations favor the rights of clients to choose their attorneys, the standard for disqualifying an opposing attorney in the initial action was very high, whereas, in the present case, he only needed to prove the attorney-client relationship by a preponderance of the evidence. However, the existence of the attorney-client relationship was the threshold determination in both instances, and the plaintiff's burden of proof was a preponderance of the evidence in both proceedings.

b. *Essential to the judgment.* The issue of Jarosz's attorney-client relationship with Palmer was clearly not essential to a determination of Jarosz's breach of fiduciary duty and wrongful termination claims against the Union Products defendants; Jarosz could have prevailed on those claims regardless of the outcome of his motion to disqualify. However, the issue was obviously essential to the judge's decision to deny that motion. We therefore must determine whether the requirement that the issue be "essential to the judgment" necessitates that the issue be essential to the underlying case, or whether it is sufficient that the issue is essential to the decision at hand.

We conclude that, in this context, the term "judgment" refers to a final determination on the merits of the proceeding. For a ruling to have preclusive effect, it must have a bearing on the outcome of the case. "If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded." Restatement (Second) of Judgments § 27 comment h (1982). See *Garcia* v. *General Motors Corp.*, 195 Ariz. 510, 515 (Ct. App. 1999) (decision on motion in limine does not preclude relitigation of issue). Contrast Williams *vs.* Valtierra, U.S. Dist. Ct., No. 00 C 5734 (N.D. Ill. 2001) (issue preclusion barred civil action where same issue was decided in prior motion to suppress hearing that was not determinative of ultimate conviction).

Our prior cases do not contradict this conclusion. In *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968), we expanded issue preclusion to include findings not strictly essential to final judgment where they are the product of "full litigation and careful decision." See *Commissioner of the Dep't of Employment & Training* v. *Dugan*, 428 Mass. 138, 144 (1998). However, the court limited this principle by requiring that the issue at least be treated as "essential to the prior *case* by the court and the party to be bound" (emphasis added). *Id.*, quoting *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, *supra*. The use of the term "case" indicates that the finding must be regarded by the court and the party as essential to a determination on the merits, and not merely essential to a determination of the narrow issue before the court at that time.

The nature of Jarosz's attorney-client relationship with Palmer was clearly not essential to a determination on the merits of his underlying claim. Therefore, the issue was not essential to the judgment, and issue preclusion cannot apply.

c. *Finality.* Finality, for the purposes of issue preclusion, does not require a final judgment in the strict sense. *Tausevich* v. *Board of Appeals of Stoughton*, 402 Mass. 146, 148 (1988). A determination is considered final when "the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact

reviewed." *Id.* at 149. "In general, where issue preclusion has been applied on the basis of a preliminary or interlocutory order, that order was appealed or could have been appealed." *Id.*

The Appeals Court concluded that the decision in the Union Products case did not have the requisite level of finality because the judge's determination was not subject to appellate review. See *Jarosz* v. *Palmer*, 49 Mass. App. Ct. 834, 837 (2000). Although we have already determined that issue preclusion cannot apply because the essentiality requirement has not been met, we express our agreement with the Appeals Court's conclusion that the determination in the Union Products case was not subject to review in any meaningful sense.

The doctrine of issue preclusion cannot apply where there is no "avenue for review of the prior ruling on the issue." *Sena* v. *Commonwealth*, 417 Mass. 250, 260 (1994). "[I]n the absence of authorization by a single justice of this court or the Appeals Court to seek interlocutory review of an order denying disqualification of counsel . . . that [interlocutory] order is not subject to appellate review until after final judgment on the merits of the underlying case." *Masiello* v. *Perini Corp.*, 394 Mass. 842, 850 (1985), citing *CUNA Mut. Ins. Soc'y* v. *Attorney Gen.*, 380 Mass. 539, 540 (1980). Although a single justice may allow appellate review of an interlocutory order, we have said that, in the case of a motion for disqualification, that discretion should be "exercised sparingly and only in the most exceptional circumstances," because "the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits." *Masiello* v. *Perini Corp.*, *supra*, quoting *Firestone Tire & Rubber Co.* v. *Risjord*, 449 U.S. 368, 377 (1981).

Because the likelihood of obtaining interlocutory review is so limited, the availability of this review is not sufficient to invoke the doctrine of issue preclusion.[4] Although the Restatement states that a decision is subject to review "when there is discre-

---

[4]This case is distinguishable from *Commonwealth* v. *Williams*, 431 Mass. 71 (2000), where we held that the Commonwealth was bound by a ruling on a motion to suppress where it could have pursued discretionary interlocutory

tion in the reviewing court to grant or deny review," the rationale for this statement is that, ordinarily, discretionary review will be granted where the appellant's claim has merit. Restatement (Second) of Judgments § 28 comment a (1982). In the case of a motion to disqualify, however, our precedent establishes that review should be granted only in extraordinary circumstances. *Masiello* v. *Perini Corp.*, *supra* at 850. Thus, a single justice must exercise discretion sparingly, even when the claim is meritorious. The opportunity for review of Jarosz's motion to disqualify was so remote that we cannot say that the order is "subject to review" for purposes of issue preclusion.[5]

d. *The effect of the stipulation of dismissal.* Palmer argues that, even if the interlocutory decision on the motion to disqualify was not "subject to review" at the time it was entered, the stipulation of dismissal constitutes a final judgment for the purposes of issue preclusion. We must decide whether a stipulation of dismissal is the equivalent of a final judgment for the purposes of issue preclusion.[6] Some jurisdictions have held that an interlocutory order that is not subject to appeal cannot have preclusive effect, even if the parties enter into a stipulation of dismissal subsequent to the entering of the order. See *Avon-*

---

review of the suppression order before a single justice of this court. *Id.* at 75-76. In that case, we noted that the discretion to review the suppression order is usually exercised when the Commonwealth's case depends on the suppressed evidence. *Id.* at 76.

[5]The same reasoning applies to a petition to modify or reverse an order filed pursuant to G. L. c. 231, § 118.

[6]Because the parties to the Union Products case did not enter into the stipulation of dismissal until after briefs in this case were submitted to the Appeals Court, Palmer could not have raised this argument in the usual manner. However, Palmer did move to supplement the record before the Appeals Court with the stipulation of dismissal. Jarosz did not oppose the motion, and the Appeals Court allowed it. Jarosz argues that Palmer's motion to supplement the record was insufficient to raise before the Appeals Court the issue of the effect of the stipulation of dismissal. However, Palmer's motion to supplement the record before the Appeals Court cited authority in support of his argument that a stipulation of dismissal constitutes a final judgment for purposes of issue preclusion. Palmer has also represented before this court that he argued the effect of the stipulation of dismissal at oral argument. Although the argument on the issue at the Appeals Court may not have been as extensive as in this court, Palmer's actions were sufficient to preserve the issue before the Appeals Court. The Appeals Court acknowledged the existence of the stipulation of dismissal in its decision, but did not consider its effect. *Jarosz* v. *Palmer*, 49 Mass. App. Ct. 834, 838 n.3 (2000).

*dale Shipyards, Inc.* v. *Insured Lloyd's*, 786 F.2d 1265, 1272 (1986); *Garcia* v. *General Motors Corp.*, 195 Ariz. 510, 515 (Ct. App. 1999). However, other jurisdictions have held that a stipulation of dismissal renders an interlocutory order preclusive, even if that interlocutory order would not have been subject to interlocutory appeal. See *Siemens Med. Sys., Inc.* v. *Nuclear Cardiology Sys., Inc.*, 945 F. Supp. 1421, 1435 (D. Colo. 1996); *Cunningham* v. *State*, 61 Wash. App. 562, 569 (1991).

Although this court and the Appeals Court have previously held that a dismissal with prejudice constitutes a valid and final judgment for the purposes of claim preclusion, *Department of Revenue* v. *LaFratta*, 408 Mass. 688, 692 (1990); *Tuite & Sons* v. *Shawmut Bank, N.A.*, 43 Mass. App. Ct. 751, 755 (1997), we conclude that this principle does not apply with equal force to issue preclusion. Because claim preclusion involves the same claims and the same parties, it is necessary that a stipulation of dismissal be accorded the same effect as a final judgment; it would have no force if the parties were permitted to change their minds and relitigate the exact same claims against the same parties. The same does not hold true for issue preclusion.

A party may have incentive to settle the underlying case even if that party believes that it has a meritorious issue on appeal. To accord a stipulation of dismissal issue preclusive effect would be to impose too burdensome a cost on settlement. The finality requirement of issue preclusion ensures that the losing party has the opportunity to appeal an unfavorable ruling that could be accorded preclusive effect in future proceedings. When a party settles, he loses both the opportunity and incentive to appeal. When the losing party forgoes the right to challenge the ruling because a settlement is in his best interest, it would be unfair to bar the party from relitigating the determination in subsequent proceedings against different parties. Thus, where a case ends by stipulation of dismissal, interlocutory orders entered before the stipulation of dismissal will not be accorded preclusive effect.

4. *Conclusion.* We reverse the judgment and remand the case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*