Tucker, Richard T., J.
This is an action where Davenport Beverage Corporation (Davenport) has sued its landlord Jolly Hill Realty Corp. (landlord or Jolly Hill) and another tenant, Christopher Lambert (Lambert). Davenport complains, in short, that the rights granted by Jolly Hill to Lambert under its tenancy to sell Christmas trees and other products in and on the parking area of the mall where both it and Lambert are situated, “have caused, and continue to cause significant harm to [Davenport]” for which Davenport seeks permanent injunctive relief against Lambert. Lambert seeks to dismiss the complaint stating that he is acting within his tenancy with Jolly Hill, that there is no privity of contract between Lambert and the plaintiff and that Davenport has no right to direct Lambert’s activities.
After hearing and review of the pleadings, motions and memoranda submitted, Lambert’s Motion to Dismiss Complaint pursuant to Mass.R.Civ.P. Rule 12(b)(6) is ALLOWED.
APPLICABLE STANDARD
A motion to dismiss or for judgment on the pleadings, by its very nature, “argues that the complaint (or counterclaim) fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading his case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level. .. [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) .. .” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In short, a Complaint or in this case a counterclaim, must contain, to prevent a motion to dismiss, “allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Id.
DISCUSSION
In its opposition to Lambert’s motion, Davenport argues that Lambert’s activities fail to comply with various restrictions of his vendor’s license issued to him by the Town of Mendon. Davenport has not sought to bring in the Town of Mendon in an attempt to compel the Town to enforce its license restrictions. Additionally Davenport argues that the relocation and/or expansion of Lambert’s activities is impinging upon Davenport’s business. This however, is an issue that should more properly be addressed to the landlord, Jolly Hill. As a tenant of the property, Lambert and Davenport each acquired their rights from their tenancy agreements with Jolly Hill. There does not *537 appear to be any allegation by Jolly Hill that Lambert is acting outside of or in violation of the terms of his tenancy. Davenport’s claims lie with Jolly Hill. Indeed, “[a] landlord may be liable as a result of the conduct of third parties if serious interference with a tenancy is a natural and probable consequence of what the landlord did, what he failed to do, or what he permitted to be done." Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 311 fn. 17 (2005). Lambert has established that Davenport has failed to state a claim upon which relief may be granted and therefore Lambert’s Motion to Dismiss is ALLOWED.