Lauriat, Peter M., J.
This action arises from an intergenerational family dispute over the terms of an Operating Agreement that controlled a limited liability company, 200 High LLC (“the LLC”), which owns the commercial real estate and building located at 200 High Street in Boston, and over the terms of a trust instrument executed by a Member of the LLC. The defendants, Elaine F. Gossels (“Elaine”) and Jerome F. Furman (“Jerome”), have filed a motion for judgment on the pleadings. For the following reasons, the defendants’ motion is denied.
BACKGROUND
The record before the court reveals the following facts. 200 High LLC is a Massachusetts limited liability company that owns commercial real estate in downtown Boston. In 2008, siblings Elaine, Jerome, and Walter Furman (“Walter”) executed an Operating Agreement which set forth the terms and conditions governing the LLC. Walter died on January 25,2010, leaving his estate, including his interest in the LLC, to The Shenfeld-Furman Revocable Family Trust (the “Family Trust”).
Walter’s wife, Miriam, thereafter disclaimed her interest in the LLC by an instrument dated March 23, 2010, accelerating the Family Trust’s succeeding interests. The disclaimer was made in order to transfer Walter’s interest in the LLC to an inter vivos sub-trust, the Children’s Trust. The beneficiaries. of the Children’s Trust are Walter’s four daughters, the plaintiffs in this action. Miriam also declined to act as the trustee of the Children’s Trust, and instead appointed Walter’s daughter, Rebecca, as trustee.
The Family Trust contains multiple sub-trusts. The disposition of each trust is laid out in Article 4 of the instrument. In pertinent part, this article states: “Upon the death of the Surviving Spouse, the Trustees shall allocate the remaining trust estate of the Exemption Trust to the Children’s Trust.” Article 9 of the Family Trust, which governs the Exemption Trust, also provides, “The Exemption Trust shall terminate upon the death of the Surviving Spouse, and the remaining trust estate of the Exemption Trust shall be allocated and distributed as provided in Article 4.” Consistent with general trust and estate law, the Family Trust also allows for disclaimers and provides that “any interest in properly so disclaimed shall be allocated or distributed as if the beneficiary had predeceased the person from who the interest would have been received.” Article 12 of the Family Trust also provides that “(I]f the Surviving Spouse disclaims effectively all or any portion of his or her interest in the properly in or passing to the Exemption Trust, the property or interests so disclaimed shall remain in the Exemption Trust, which shall be administered as though the Surviving Spouse had not survived.”
Under the LLC’s Operating Agreement, Elaine, Jerome, and Walter are listed as the sole Members, each holding a one-third ownership interest in the LLC. The LLC’s Operating Agreement provides that “(o]nly descendents [sic] by blood or adoption of Anne Shapiro Furman and Jacob Furman shall be Members.” Operating Agreement, §3.5 (emphasis in original). Anne and Jacob Fur-man were the parents of Elaine, Jerome, and Walter. Section 6.1 of the Operating Agreement governs transfers of ownership interests under the agreement:
Any Member shall have the right to Transfer the whole or any part of her or his interest in the Company to (1) any other Member(s); to (2) one or more of any descendant by blood or adoption of Anne Shapiro Furman and Jacob Furman (“Descendants”); or to (3) a trust all of the beneficial interests of which are owned by one or more Member(s) or Descendants) and theTrustee(s) of which is (are) a Membeifs) or (4) an LLC all of the beneficial interests of which are owned by one or more Member(s) or Descendant(s) and the Managers) of which is (are) Member(s)... Any Transfer to any other person (“Impermissible Person”) shall cause the ownership interest of the Assignor to be subject to the purchase rights of the Company pursuant to the provisions of Section 6.6 below.
The Operating Agreement also contains a provision discussing transfers to Impermissible Persons:
In the event that ... an Impermissible Person becomes the holder of a Member’s economic interest, the Company may, at its option, purchase from such impermissible Person at any time while the Impermissible Person is such a holder, all or any part of the interest held by the . . . Impermissible Person at the Purchase Price set forth below.
On March 26, 2010, Elaine, on behalf of herself and Jerome, sent Miriam a written notice exercising the LLC’s option to buy Walter’s interest in the LLC on the *170 ground that his interest had been transferred to an Impermissible Person under the Operating Agreement. Miriam notified Elaine that Miriam did not own the interest in the LLC, and that the interest was now held by Rebecca as trustee of the Children’s Trust. Elaine then sent Rebecca a Notice of Exercise to Purchase Right on April 5, 2010. This notice claimed to compel the sale of Walter’s interest on the ground that neither Elaine nor Jerome were trustees of the Children’s Trust rendering the trust an Impermissible Person.
Rebecca rejected the notice on April 15, 2010. The plaintiffs filed this action on April 21, 2010, asserting claims for breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), breach of fiduciary duty (Count III), specific performance (Count IV), declaratory judgment (Count V), and accounting (Count VI). The defendants originally moved to dismiss the complaint on all counts, and the plaintiffs moved for summary judgment on Count V, seeking a declaration that Rebecca, as trustee of the Children’s Trust, owns Walter’s interest in the LLC.
On May 24, 2011, this court addressed these motions in its Memorandum of Decision and Order on (1) Defendants’ Motion to Dismiss and (2) Plaintiffs’ Motion for Partial Summary Judgment as to Count u. (Declaratory Judgment) [28 Mass. L. Rptr. 364). The court held that “(T]he Plaintiffs are entitled to declaratory judgment that, as a beneficiary of the Children’s Trust, Rebecca Austin Furman has equitable ownership of Walter Furman’s interest in the LLC.” In so holding, the court concluded that “because Rebecca holds an ownership interest in the LLC, she is a Member of the LLC. Therefore the Children’s Trust is not an Impermissible Person and Walter’s interest in the LLC was properly transferred and not subject to an option to purchase.” The court denied the defendants’ motion to dismiss, and allowed the plaintiffs’ motion for partial summary judgment as to Count V.
The defendants have now moved for judgment on the pleadings, which in essence asks for reconsideration of the court’s decision on the prior motion to dismiss, as well as a determination of the defendants’ counterclaim seeking a declaratory judgment that the transfer of Walter’s interest in the LLC was to an Impermissible Person.
DISCUSSION
The defendants have filed a motion for judgment on the pleadings despite the fact that the plaintiffs did not answer the defendants’ counterclaim seeking a declaratory judgment. Rather, the plaintiffs filed a motion to dismiss the defendants’ counterclaim. The defendants now ask the court to issue a judgment on the pleadings in light of an argument not addressed in its Order of May 24, 2011. The defendants contend that the plaintiffs never held the LLC interest in the Children’s Trust because the LLC interest was contained in another sub-trust of the Family Trust, the Exemption Trust. Further, the defendants argue that Miriam’s disclaimer was ineffective, rendering Walter’s LLC interest subject to ownership by an Impermissible Person under the Operating Agreement.
Mass.R-Civ.P. 12(c) provides that a motion for judgment on the pleadings is appropriate “(a]fter the pleadings are closed but within such time as not to delay the trial.” “A defendant’s rule 12(c) motion is ‘actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted.’ ” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). Defendants’ motion for judgment on the pleadings is inappropriate given that the plaintiffs filed a motion to dismiss the defendants’ counterclaim rather than answer it. Nevertheless, the inquiry does not end at this point because judgment on the pleadings may be entered against the moving party. See Ghilani v. Hanna, 2008 WL 2582506, at *1 (Mass.Land Ct. June 30, 2008).
The defendants rely on the provision within the Family Trust which provides that “if the Surviving Spouse disclaims effectively all or any portion of his or her interest in the property in or passing to the Exemption Trust, the property or interests so disclaimed shall remain in the Exemption Trust, which shall be administered as though the Surviving Spouse had not survived.” The defendants argue that this provision conclusively shows that Walter’s LLC interest is within the Exemption Trust. However, the defendants cannot point to any language within the Family Trust that indicates how the Exemption Trust is administered in this fashion if the interest is to remain in the Exemption Trust with no beneficiary. A reasonable reading of this provision coincides with the other provisions on disclaimers and disposition of sub-trusts. That is, if the surviving spouse disclaims her interest, she is deemed predeceased, and as Article 4 states: “(U]pon the death of the Surviving Spouse, the Trustees shall allocate the remaining trust estate of the Exemption Trust to the Children’s Trust.”
As such, the defendants cannot show that Walter’s LLC interest remains in the Exemption Trust despite Miriam’s disclaimer. Even with the defendants’ new argument, the reasoning of this court’s May 24, 2011 Memorandum of Decision and Order stands: “Once Miriam disclaimed ownership of Walter’s interest in the LLC then by acceleration under the terms of the Family Trust, ownership was allocated to the Children’s Trust.”
The defendants next argue that, even if Walter’s interest was allocated to the Children’s Trust, Miriam’s disclaimer on March 23, 2010 was ineffective. They contend that on February 1, 2010, Miriam cashed a check for $9,000 payable to Walter’s estate to cover funeral expenses, that on February 8, 2010, Miriam’s attorney instructed Elaine that all distributions from the LLC should be made to Miriam as trustee, and that on February 19, 2010, Miriam’s lawyer wrote to Elaine: “Your prompt remittance to Miriam is greatly appreciated.” The defendants assert *171 that these events demonstrate that Miriam accepted a benefit that cannot thereafter be disclaimed.
Under California Probate Code section 285(a)[1] “A disclaimer may not be made after the beneficiary has accepted the interest sought to be disclaimed.” West’s Ann.Cal.Prob.Code §285. However, this language has been interpreted to apply to a beneficiary’s “intent to direct or control the property in a manner that conveys more than a de minimis benefit to the beneficiary or a third party.” In re Kolb, 326 F.3d 1030, 1039 (Cal. 2003). Whether a disclaimer is effective is also considered a highly fact-specific inquiry. Id.
Under this standard, the time frame within which Miriam disclaimed her interest and the amount of money transferred to her in proportion to the interest she disclaimed are telling. Miriam disclaimed her interest within two months of Walter’s death, a far shorter span of time than what usually gives pause for thought by the court. See id. at 1040 (comparing an ineffective disclaimer five years after acceptance of an interest with an effective disclaimer after a beneficiary possessed an estate automobile for one year). Further, $9,000 does not even amount to 1% of the purported value of Walter’s LLC interest. The $9,000 check written to Walter’s Estate and the communications between Miriam’s attorney and the defendants do not amount to more than a de minimis benefit to Miriam. As such, Miriam’s disclaimer was effective.
ORDER
For the foregoing reasons, the Defendants’ Motion for Judgment on the Pleadings is DENIED. On the issue of whether Walter’s interest in the LLC was transferred to an Impermissible Person within the meaning of the Operating Agreement, the court declares, adjudges and decrees that, as a matter of law, Walter’s interest in the LLC was properly transferred to the Children’s Trust and was not subject to an option to purchase. The plaintiffs’ Motion to Dismiss the Counterclaim of the Defendants is DENIED as moot.

 The Family Trust was executed in California and is thus subject to California probate law.