Tucker, Richard T., J.
The defendant, Protocol Global Solutions (Protocol) has moved to dismiss the complaint of its former employee, Nicole Bergstrom (Bergstrom). Protocol asserts that Bergstrom’s complaint fails to state a cause of action upon which relief may be granted under Mass.R.Civ.P. 12(b)(6).
Upon review of the plaintiffs complaint, and the submissions of both parties, and having had the benefit of oral argument by both parties, counsel, I find and rule as follows.
APPLICABLE STANDARD
A motion to dismiss or for judgment on the pleadings, by its very nature, “argues that the complaint (or counterclaim) fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading his case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).. .” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In short, a Complaint must contain, to prevent a motion to dismiss, “allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Id.
DISCUSSION
The complaint of Bergstrom reveals the following facts. Bergstrom was an employee of Protocol during the May 2011 period. Bergstrom informed Protocol on a number of occasions of alleged threats and harassment to which she was subjected at work by three female coworkers. As a result of Bergstrom’s complaint, Protocol instituted an investigation. The complaint reveals further that during the investigation, Bergstrom is alleged to have made a statement that was interpreted by the employer as being “threatening behavior,” and itself a violation of Protocol’s policies. On May 31, 2011, Bergstrom’s employment was terminated by plaintiff. Additionally, prior to May 31, 2011, “the defendant terminated all violators of this [anti-threat, harassment] policy.”[1]
Plaintiffs complaint seeks money damages against Protocol for her wrongful discharge from employment. In this regard, Bergstrom admits in her complaint that at all times relevant she was an at-will employee. As an at-will employee Bergstrom’s employment was “terminable by either the employee or employer without notice, for almost any reason or no reason at all.” Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8, 9 (1988). While recognizing the law governing at-will employment, the plaintiff argues that her termination was wrongful in that it was contrary to one of the recognized exceptions to the general rule. The plaintiff is correct that the law recognizes certain exceptions to the at-will employment rule regarding termination based upon public policy. Specifically “[r]edress is available for employees who are terminated for asserting a legally guaranteed right (e.g., filing workers’ compensation claim), for doing what the law requires (e.g., serving on a juiy), or for refusing to do that which the law forbids (e.g., committing perjury).” Smith-Pfeffer v. Superintendent of the Walter E. Fernald State School 404 Mass. 145, 149-50 (1989).
Bergstrom claims that her termination after complaining to her employer of the harassment amounts to “wrongfully discharging the plaintiff from her at-will employment in violation of its own policy . . .” In support of her position, the plaintiff cites the case of Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993), and Petermann v. International Board of Teamsters, Local 396, 174 Cal.App.2d 184, 188-89 (1959). The Harris decision concerns claims of “abusive work environment” harassment based on gender in violation of Title VII of the Civil Rights Act of 1964. Plaintiff has not established how a federal statutory violation for discriminatory treatment in the work place is material to the current issue of alleged wrongful discharge. This court finds no precedential value. Petermann is a California wrongful discharge decision in which that court found that an employee’s allegation that he was *248 terminated when he refused a supervisor’s order to lie in his testimony before a state legislative committee, set forth an alleged violation of public policy and it was therefore error for a trial judge to dismiss his claim.
In the instant matter, the plaintiff argues, however, that her reporting of harassment by fellow employees is a matter of Protocol’s own policy stated against threatening, harassing conduct. If plaintiff is correct, this would not arise to the. exception of the at-will employee rule as a violation of “public policy.” The above stated recognized exceptions to the at-will employment rule are all actions that affront public policy and have been noted as such. See, Smith-Pfeffer, at 149-50. Plaintiffs complaint states that she complained to her supervisor about violations of Protocol’s internal, private policies. Such violations do not equate with the at-will employment rule exception for actions in violation of public policy.
In the case of Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469 (1992), the Supreme Judicial Court reversed a juiy’s verdict for a plaintiff who, it was alleged, was terminated from her employment due to her criticisms and reports of staff problems to a national survey team investigating the hospital. Plaintiff argued that Shriner’s Hospital fired her from her employment at-will in retaliation for having criticized the hospital to the survey team. This retaliation was alleged by plaintiff to be a violation of public policy. The trial judge had instructed the jury on the ethical duly of medical personnel to report substantial patient care issues. The jury found for the plaintiff upon these and like instructions and awarded damages. In reversing the verdict, the Supreme Judicial Court stated that “(e]ven if [a state regulation] called for Wright to report perceived problems or inadequacies to the survey team, . . . we have never held a regulation governing a particular profession is a source of well-defined public policy sufficient to modify the general at-will employment rule, and we decline to do so now.” Id., at 474. Furthermore, the court noted that “Wright’s report was an internal matter, and ‘[ijntemal matters,’ we have previously said, ‘could not be the basis of a public policy exception to the at-will rule’ ” Id., quoting Smith-Pfeffer at 151, and citing Mello v. Stop-Shop Cos., 402 Mass. 555, 561 n.7 (1988).
Bergstrom’s complaints to her supervisors are little different from Wright’s criticisms to the survey team. Both are matters of internal, private policy and not public policy. As such plaintiffs claim cannot proceed.
ORDER
For the above stated reasons the motion to dismiss of the defendant Protocol Global Solutions is ALLOWED.

 At oral argument it was explained that as a result of its investigation, Protocol terminated Bergstrom, and the three coworkers who were alleged to have harassed her.