The plaintiff, John Doe, appeals from a Superior Court judgment affirming the Sex Offender Registry Board's (board's) classification of Doe as a level three sex offender. "In conducting our review, we 'give due weight to the experience, technical competence, and specialized knowledge' of the board." Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010) (Doe No. 151564 ), quoting G. L. c. 30A, § 14 (7). We affirm.
1. Background. Doe was convicted of four counts of rape and abuse of a child under the age of sixteen and four counts of indecent assault and battery on a child under the age of fourteen. The board notified Doe of its recommendation that he be classified as a level three sex offender. Doe requested a hearing, which was initially scheduled for October 14, 2015.
Prior to the hearing, Doe, through counsel, filed a motion to continue and a motion for expert funds. The motion for funds sought authorization of $3,000 "for the consultation and testimony of an expert witness ... regarding the applicability of his age to his circumstances of the factors which will guide the hearing examiner's decision." Both motions were allowed and the hearing was rescheduled for March 23, 2016. Doe's counsel was not aware that his motion for expert funds had been allowed.
Doe's counsel refiled both motions at the hearing on March 23, 2016, contending that no action had been taken on his previously filed motion for expert funds. The hearing examiner denied both motions indicating that the board's updated regulations[2] consider the impact of advanced age on recidivism. The hearing proceeded that day via video conference, during which there were a few technical interruptions. The board also moved to enter documents in evidence which had not previously been provided in discovery. A decision classifying Doe as a level three sex offender issued on April 14, 2016.
Doe sought judicial review of the classification pursuant to G. L. c. 30A, § 14, and G. L. c. 6, § 178M. Doe's motion for judgment on the pleadings was denied and the board's decision was affirmed. This appeal followed.
2. Expert funds. Doe claims that it was a violation of due process for the hearing examiner to deny his motion for funds after a prior motion had been allowed. It is the offender who bears the burden "to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert." Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230 ).
Doe did not carry that burden here. The record is unclear as to why Doe's counsel did not receive the first "allowed" motion for expert funds. However, by the time the second motion was filed, the board's regulations had been updated to address the impact of advanced age on an offender's risk and danger and thus expert testimony was not required.[3] Contrast Doe No. 151564, 456 Mass. at 620-623 (board's regulations did not contemplate impact of age on recidivism and therefore implication of age studies could not be ascertained without expert assistance).
Passing on the question whether actions of the hearing examiner amounted to a due process violation, Doe suffered no prejudice therefrom. The hearing examiner considered Doe's age in conjunction with factor 30 of the new regulations, gave "mitigating weight" to it, and found that it did not have a significant mitigating effect because Doe was not yet age sixty. In his motion for funds, Doe did not assert any specific circumstances special to him that warranted an expert. Instead, he made a general assertion that an expert was necessary to determine "the applicability of his age to his circumstances." Cf. Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 609-610 (2013) (where board's guidelines were outdated and Doe supported her motion for expert funds with significant evidence that guidelines were inapplicable to her, her motion was not generic and therefore was wrongfully denied). The hearing examiner did not misapply the age factor in finding Doe to be at a high risk of reoffending, particularly in light of the fact that age was one of several factors used to make her decision.
3. The hearing. Doe claims that conducting the hearing by video conference was error because malfunctions in the audiovisual and sound caused his counsel to be distracted. He also claims that the hearing examiner erred in allowing the board to present certain documents that had not been previously provided in discovery.
A classification hearing via video conference does not violate procedural due process. Doe, Sex Offender Registry Bd. No. 1 v. Sex Offender Registry Bd., 79 Mass. App. Ct. 683, 692-695 (2011). Here, prior to the hearing, the hearing examiner established a protocol to be used if the video connection was lost. During the hearing, the video feed was lost once, and the sound was lost twice. On each occasion, the problem was immediately rectified and the hearing continued where it had left off. Doe's counsel never contended that he was distracted during the hearing thereby preventing him from presenting his case. Notably, the hearing was conducted without witness testimony, and instead was presented through documents. There was no error.
Next, the contested documents submitted in evidence by the board at the hearing consisted of the Superior Court docket sheet of the index crime, the docket sheet and decisions of this court affirming Doe's convictions, and the Supreme Judicial Court's denial of Doe's request for further appellate review. The hearing examiner had the regulatory authority to admit these documents and could properly take administrative notice of this evidence. See 803 Code Mass. Regs. § 1.19(1)(f) (2016). See also Jarosz v. Palmer, 436 Mass. 526, 529-530 (2002). While it would have been better practice to provide these documents to Doe's counsel prior to the hearing, the hearing examiner did not err in admitting them. The hearing examiner kept the record open to allow Doe's counsel time to review the records and to object to their admission. Doe's counsel took this opportunity and responded that he "has no objection to the evidence being admitted for the limited purpose of showing that [Doe's] appeal had been denied." The hearing examiner used this information for the limited purpose of assessing Doe's refusal to participate in sex offender treatment consistent with factor 24 of the board's regulations (less than satisfactory participation in sex offender treatment). There was no error.
Judgment affirmed.

The regulations were updated on January 29, 2016. As part of this update, the board promulgated factor 30 (advanced age) and the impact of the aging process on sexual recidivism. See 803 Code Mass. Regs. § 1.33(30) (2016).

As required by G. L. c. 6, § 178K (1), the board "has promulgated guidelines 'for determining the level of risk of reoffense and the degree of dangerousness posed to the public' " in connection with a sex offender's classification hearing. Doe No. 89230, 452 Mass. at 772. See 803 Code Mass. Regs. § 1.33 (2016). "The guidelines have 'the force of law and must be accorded all the deference due to a statute.' " Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 811 (2006), quoting Massachusetts Fed'n of Teachers v. Board of Educ., 436 Mass. 763, 771 (2002). A hearing examiner has discretion to consider which regulatory factors to apply and how to weigh those factors based on the evidence at the hearing. Smith, supra at 811-813.