The plaintiff, Sony Vilbon, appeals from the dismissal of his civil lawsuit against Boston University (the university) for failure to state a claim upon which relief can be granted, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). For essentially the reasons set forth in the Superior Court judge's thoughtful and well-reasoned memorandum, we affirm.
We review a ruling on a motion to dismiss de novo, see Rodriguez v. Massachusetts Bay Transp. Auth., 92 Mass. App. Ct. 26, 28 (2017), taking the complaint's allegations as true, drawing all reasonable inferences in the plaintiff's favor, see Saliba v. Worcester, 92 Mass. App. Ct. 408, 412 (2017), and considering operative documents such as contracts attached to the complaint, see State Room, Inc. v. MA-60 State Assocs., L.L.C., 84 Mass. App. Ct. 244, 245, 248 (2013). To survive a motion to dismiss, the plaintiff must present factual allegations that rise above the level of speculation, see Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and plausibly suggest an entitlement to relief, see Flagg v. AliMed, Inc., 466 Mass. 23, 26 (2013).
"A settlement agreement is a contract and its enforceability is determined by applying general contract law." Duff v. McKay, 89 Mass. App. Ct. 538, 541 (2016), quoting Sparrow v. Demonico, 461 Mass. 322, 327 (2012). The agreement required the university's "allowing Mr. Vilbon to graduate from Boston University's Metropolitan College with a Master of Science Degree with concentration in Electronic Commerce, Systems & Technology." The complaint contains no suggestion that the university did not allow the plaintiff to graduate; indeed, it incorporates a diploma stating that he did receive such a degree.
The diploma contains the date of the most recent graduation date prior to the agreement, May 15, 2016. Nothing in the agreement requires the university to use any particular date on the diploma. Nothing in the complaint, attached documents, or the law supports the plaintiff's conclusory allegation that the diploma is invalid. See Tortolano v. Lemuel Shattuck Hosp., 93 Mass. App. Ct. 773, 776 (2018), quoting Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011) (court will "look beyond the conclusory allegations in the complaint"). Although we do take judicial notice of the fact that No. FAR-24291 was pending in May, 2016, see Jarosz v. Palmer, 436 Mass. 526, 530 (2002), nothing in Mass. R. A. P. 29, as amended, 378 Mass. 943 (1979), or any other source of law prohibits a settlement agreement from affecting events occurring during a prior appellate proceeding.
The plaintiff's invocation of part 10 of the agreement is unavailing if, for no other reason, that he has not alleged that any provision of the agreement has been "determined to be invalid or unenforceable." His unsupported, personal opinion that a diploma -- not referenced in the agreement -- is invalid is a far cry from a determination that part of the agreement is invalid or unenforceable, thus creating a contractual duty to amend the agreement.
Similarly, even were we to consider the preagreement negotiations attached to the complaint by the plaintiff and alleged in the complaint, see Realty Fin. Holdings, LLC v. KS Shiraz Manager, LLC, 86 Mass. App. Ct. 242, 248 (2014) (integration clause not conclusive evidence of integration), there is no allegation that university counsel made any representation regarding the date on the diploma.
All of the plaintiff's claims on appeal are premised on the proposition that the diploma is invalid or that the date on the diploma violated the agreement. As the plaintiff has not adequately pleaded facts supporting either of these propositions, the Superior Court judge properly dismissed his complaint.
Judgment affirmed.