NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1060

HARRIS AUTO BODY, INC., & others[1]

vs.

THE COMMERCE INSURANCE COMPANY & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Harris Auto Body, Inc. (Harris), appeals from a Superior Court judgment dismissing its complaint for declaratory judgment against the defendant, The Commerce Insurance Company (Commerce), under the doctrine of issue preclusion. We affirm.

Background. This case stems from prior litigation initiated in August 2018, wherein Commerce filed a complaint in Worcester Superior Court alleging fraud and other counts against Harris (the Worcester action). Eventually, the parties entered into a settlement agreement in the Worcester action. On November 10, 2020, Commerce filed a motion to enforce the

---

[1] Douglas Haddad and Alexander Haddad.
[2] Accurate Collision, Inc., ADH Collision of Boston, Inc., and Adam Haddad.

settlement agreement.  On March 10, 2021, a Superior Court judge (Worcester action judge) issued a comprehensive memorandum and order allowing the motion to enforce the settlement agreement (March 10 order).  On March 15, 2021, the Worcester action judge issued a thirty-day nisi order for entry of a judgment of dismissal, allowing the parties time to file an agreement for judgment or stipulation of dismissal.[3]  On April 9, 2021, before expiration of the nisi period and entry of judgment, Harris filed a notice of appeal from the March 10 order.  On or about April 16, 2021, Commerce responded by filing a motion for entry of judgment in accordance with the settlement agreement and the March 10 order.  On July 2, 2021, the Worcester action judge stayed action on the motion for entry of judgment, "pending decision from the Appeals Court" on Harris's appeal from the March 10 order.

On September 15, 2021, a single justice of this court entered the following order with respect to Harris's appeal from the March 10 order:

---

[3] The order for entry of dismissal nisi stated, in relevant part:

"It is ordered that an AGREEMENT FOR JUDGMENT or STIPULATION OF DISMISSAL, be filed in the Clerk's office by 04/14/2021.

"If said Agreement or Stipulation is not filed by said date the Clerk is hereby directed to prepare, sign and enter Judgment dismissing the Complaint, and all other claims, without prejudice and without statutory costs."

2

"Although [Commerce] has raised the issue of this court's jurisdiction over the appealed order in the absence of a final judgment, a review of the record indicates that on 03/10/2021 a Superior Court judge allowed the plaintiff's 'emergency motion to enforce settlement entered into by the defendants' effectively concluding this litigation. Accordingly appellate proceedings are ordered STAYED to 10/15/2021 and the Superior Court is granted leave to rule on [Commerce's] motion for entry of judgment. . . . Upon entry of a judgment in accordance with the 03/10/2021 order or other judgment of dismissal of the plaintiff's complaint, the appellants may file a new notice of appeal for consideration by the Appeals Court."

Thereafter, on October 12, 2021, the Worcester action judge denied Commerce's motion for entry of judgment and dismissed the matter without prejudice. The Worcester action judge's order stated:

"The court found that the parties entered into a settlement agreement. The terms of the agreement are set forth in the Memorandum of Decision and Order dated 3/10/21. An order for entry of dismissal nisi entered on 3/15/21. The order has expired, and as no stipulation or agreement for judgment has been filed, this matter is DISMISSED without prejudice and without statutory costs, pursuant to the order for entry of dismissal."

On October 14, 2021, judgment entered dismissing Commerce's complaint in the Worcester action "pursuant to [the October 12, 2021] Order."

Also on October 14, 2021, the Appeals Court issued an order further staying appellate proceedings with respect to Harris's appeal from the March 10 order to November 19, 2021, and ordering the parties to file a status report "as to whether judgment has entered in the trial court and whether a new notice

3

of appeal has been filed." Instead of filing a status report or a new notice of appeal from the judgment of dismissal in the Worcester action, on November 18, 2021, the parties filed a stipulation of dismissal of Harris's appeal.[4]

Meanwhile, on November 12, 2021, Harris filed a complaint in Middlesex Superior Court seeking a declaratory judgment regarding the enforceability and terms of the settlement agreement as set forth in the March 10 order (the present action). In response, Commerce filed a motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), arguing that issue preclusion barred Harris's claim. Thereafter, in the Worcester action on January 18, 2022, Commerce filed a motion to vacate the October 14, 2021 judgment pursuant to Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974), so that it could seek further orders enforcing the terms of the settlement agreement. On March 31, 2022, the Worcester action judge allowed Commerce's motion to the extent that "the judgment entered without prejudice." The Worcester action judge explained that Harris's filing of a new declaratory judgment action in Middlesex Superior Court, in which it "claim[ed] an entitlement to re-litigate the issues raised and settled in this

_____

[4] We note that Commerce filed a "cross-notice of appeal" on November 15, 2021.

4

case," justified amending the judgment to be with prejudice.  On April 1, 2022, an amended judgment entered in the Worcester action dismissing Commerce's complaint with prejudice.

On June 23, 2022, in the present action, a Superior Court judge[5] concluded that the Worcester action judge's March 10 order and March 31, 2022 order "in totality, are conclusive in any subsequent action(s) related to the interpretation and validity of the [settlement agreement in the Worcester action]"; determined that the present action was barred under the doctrine of issue preclusion; and allowed Commerce's motion to dismiss. A judgment of dismissal entered, and Harris now appeals therefrom.

Discussion.  "We review the allowance of a motion to dismiss de novo."  Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014).  The instant case involves consideration of the doctrine of issue preclusion, which provides that when an issue has been "actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."  Restatement (Second) of Judgments § 27 (1982).  On appeal, Harris argues that issue

---

[5] The judge in the present action was not the Worcester action judge.

5

preclusion does not apply to the present action because Commerce failed to satisfy the "essentiality" and the "finality" elements of the issue preclusion analysis.  We are unpersuaded.  The validity and interpretation of the settlement agreement, which Harris attempts to relitigate in the present action, was essential to the Worcester action judge's decision in the earlier proceeding and resulted in a valid and final judgment. See Jarosz v. Palmer, 436 Mass. 526, 530-533 (2002).

1.  Essential to the judgment.  Harris argues that the March 10 order, which determined the enforceability and terms of the settlement agreement, was not essential to the judgment dismissing the underlying claims raised in the Worcester action. More specifically, Harris contends that the March 10 order addressed the "narrow issue" of the settlement agreement's enforceability, not the underlying fraud claims in the Worcester action.  Jarosz, 436 Mass. at 533.  The claim is unavailing. The question is whether the issue decided was essential to the judgment.  See id. at 531.  The March 10 order set forth the terms of the judgment of dismissal and therefore was essential to the case's culmination.  When a finding in prior litigation is "inextricably intertwined" with a court's conclusion, the issue is precluded from further litigation.  Alicea v. Commonwealth, 466 Mass. 228, 238 (2013).  Here, we have little difficulty concluding that the critical issue in the Worcester

6

action was whether the parties' agreement to settle Commerce's claims on certain terms was enforceable such that the parties should be held to those terms.  The Worcester action judge's determination in the March 10 order, that the settlement agreement was enforceable on terms set forth therein, led to the entry of a judgment of dismissal in the Worcester action and effectively ended that case.  See Mullins v. Corcoran, 488 Mass. 275, 282 (2021), quoting Jarosz, supra at 533 (essentiality element requires that issue must have had "bearing on the outcome of the case").  Therefore, the essentiality requirement is fulfilled.

2.  Finality.  Harris contends that the March 10 order was interlocutory and does not constitute a final judgment for issue preclusion purposes, as interlocutory orders are generally not subject to appellate review.[6]  Jarosz, 436 Mass. at 534.  We disagree.  "Finality, for the purposes of issue preclusion, does

_____

[6] Harris relies on CP 200 State, LLC v. CIEE, Inc., 488 Mass. 847, 847 (2022), for the proposition that interlocutory orders concerning the enforceability of settlement agreements are not appealable and do not have preclusive effect.  In CP 200 State LLC, supra at 849, the Court explained that interlocutory orders are generally not appealable to "avoid piecemeal appeals . . . that will delay the resolution of the . . . case."  However, unlike CP 200 State LLC, supra at 848, which addressed the denial of a motion to enforce an alleged settlement agreement, the present case concerns the allowance of a motion to enforce a settlement agreement on terms set forth in a court order, which effectively ended the litigation because the order later became a judgment.

not require a final judgment in the strict sense." Id. at 533. "A determination is considered final when the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed" (quotation and citation omitted). Id. at 533-534.

Here, with respect to the March 10 order, the parties briefed the issues and were fully heard before the Worcester action judge, who issued a reasoned decision resulting in a final judgment that incorporated the terms of the order. While Harris suggests that the judge's decision in the March 10 order was not subject to review, the history of the case demonstrates otherwise. The September 15, 2021, order of the Appeals Court single justice stayed the noninterlocutory appeal from the March 10 order that Harris brought to October 15, 2021; stated that the Worcester action judge's allowance in the March 10 order of Commerce's motion to enforce the settlement agreement "effectively conclude[ed] this litigation"; and ordered that "[u]pon entry of a judgment in accordance with the 03/10/2021 order or other judgment of dismissal of the plaintiff's complaint, [Harris] may file a new notice of appeal for consideration by the Appeals Court." Then on October 14, 2021, the Appeals Court extended the stay of Harris's appeal from the March 10 order to November 19, 2021, and ordered the parties to file a status report "as to whether judgment has entered in the

8

trial court and whether a new notice of appeal has been filed." These orders from this court, in conjunction with the orders entered by the Worcester action judge, notified Harris of the obligation to file and prosecute its appeal from the March 10 order as soon as a judgment entered in the Worcester action, should it choose to do so. Instead of availing itself of this clear and explicit directive, Harris filed a joint stipulation of dismissal of its appeal from the March 10 order and did not appeal from the amended judgment that entered on April 1, 2022, enforcing the terms of that order with prejudice. These events rendered the Worcester action judge's March 10 order final for the purposes of issue preclusion. In these circumstances, the

finality element has been satisfied.  Accordingly, Harris's claims are barred by the doctrine of issue preclusion.

<u>Judgment affirmed</u>.

By the Court (Wolohojian, Neyman & Shin, JJ.[7]),

Assistant Clerk

Entered:  March 18, 2024.

---

[7] The panelists are listed in order of seniority.