NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-840

SONDRA MYERS & others[1]

vs.

JON MYERS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal in one of a series of cases between Jon Myers and various family members, including his father, Morey Myers; his mother, Sondra Myers; his now-deceased former wife, Margaret Carney; and his brother, David Nathan Myers. Jon entered into a 2011 settlement agreement wherein he agreed to "cease and desist from . . . filing or threatening to file any and all lawsuits on any matter whatsoever against any of his family members." Further, on February 11, 2014, Morey, Sondra, and Margaret entered into an agreement for judgment with Jon, where the parties agreed that Jon would be precluded from filing a new suit against each of them "or against any relative," among

_____

[1] Morey Myers and Margaret Carney. Defendant Jon Myers asserts that plaintiff Margaret Carney died in 2016; however, no suggestion of death has been filed.

others, without first obtaining leave from the Regional Administrative Justice. The 2014 agreement for judgment was entered as an order of the court.

On June 28, 2022, pursuant to the agreement for judgment, Jon filed a motion seeking approval to file a suit against David. On July 7, 2022, a Superior Court judge denied the motion "because [Jon] identifie[d] no plausible claim, nor any claim not barred by the prior judgment, and fail[ed] to identify what relief [wa]s sought." Jon's subsequent motion for reconsideration was also denied. This appeal followed, although Jon does not attempt to explain how the judge erred.

We discern no error. The proposed suit is against a family member, Jon's brother. The motion states that the situation at issue stems back to 1988, before the prior suits. The claims are barred by both the prior settlement agreement and the agreement for judgment. See Jarosz v. Palmer, 436 Mass. 526, 536 (2002) (claim preclusion bars relitigation of claim dismissed with prejudice).[2]

Conclusion. The order dated July 7, 2022, denying the request to commence new lawsuit is affirmed. The order dated

---

[2] While the motion that Jon filed was a request to file suit against David, the motion was filed in a case involving Jon's parents and his former wife. Jon's parents filed the appellees' brief in this appeal.

2

July 19, 2022, denying the motion for reconsideration is affirmed.

_So ordered_.

By the Court (Milkey,
 Massing & Henry, JJ.[3]),

_Joseph F. Stanton_

Clerk

Entered:  May 3, 2023.

---

[3] The panelists are listed in order of seniority.